UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER P. HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS McMENAMON, JR. )<br>)<br>and )<br>)<br>AMERICA ONLINE, INC., )<br>)<br>Defendants. )<br>) | Civil Docket No. 04 11662VHG |

**MEMORANDUM IN SUPPORT OF DEFENDANT
AMERICA ONLINE, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This lawsuit is the latest in a series of frivolous proceedings that *pro se* Plaintiff Walter Hughes has inflicted on Defendant America Online, Inc. ("AOL") and this Court.  In this Memorandum, AOL sets forth why Hughes' new complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), including the facts that this Court has already *twice* rejected the same claims that Hughes is now asserting and that the claims themselves are riddled with other fatal defects.[1]

This saga began in 2001 when Hughes filed a lawsuit against AOL and police officer Thomas McMenamon, Jr., the same defendants he is suing here.  After this Court granted summary judgment for AOL in that case based on a contractual forum selection clause, Hughes

---

[1] AOL has also served on Hughes, and expects to file shortly, a separate motion and memorandum that asks this Court to impose sanctions on Hughes under Fed. R. Civ. P. 11 based on his filing of this third meritless complaint.

sought to reopen the litigation through a Fed. R. Civ. P. 60(b)(3) motion premised on false allegations that AOL and its attorneys had fraudulently misrepresented the provenance of an e-mail exhibit that they had submitted to the Court earlier in the case. Magistrate Judge Collings properly rejected these specious allegations and denied the 60(b)(3) motion. Undeterred, Hughes then filed a second suit in this Court, this time against Judge Collings himself and all the lawyers who had represented AOL or McMenamon in the first suit. That second suit once again fixated on alleged misrepresentations concerning the same e-mail exhibit that was the focus of Hughes' Rule 60(b)(3) motion and asserted that Judge Collings and the defendants' lawyers had conspired with one another and even transformed this Court into a RICO criminal enterprise. Recognizing that these claims already had been litigated and lacked any basis, this Court dismissed Hughes' second suit for failure to state a claim.

  Plaintiff's present Complaint — his *third* in this Court — presents a jumble of frivolous legal theories that once again derive from the same false allegation that he advanced in both his Rule 60(b)(3) motion and second lawsuit — namely, that AOL and its attorneys made misrepresentations about an e-mail exhibit they submitted during the first suit. Not surprisingly, Plaintiff's latest Complaint has no more merit than its predecessors. It fails at the threshold both because it is barred by well established principles of res judicata and because it does not come close to meeting the demanding requirements for a Rule 60(b) independent action. In any event, all of the claims asserted in the Complaint are, on their own terms, devoid of merit as a matter of law. In view of these multiple, independent defects, the Complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

# **FACTUAL BACKGROUND**[2]

*Plaintiff's First Complaint*

The allegations in Plaintiff's current Complaint stem from a prior case in which he sued AOL for disclosing his identity to the Methuen Police Department. (*See* Appendix ("App."),[3] Ex. 1 ("Compl. I").) According to the complaint in that case, AOL's co-defendant Thomas McMenamon, an officer of the Methuen Police Department, contacted AOL on April 17, 2000 as part of his investigation into a death threat that had been sent via an anonymous e-mail from one AOL subscriber's e-mail account to another AOL subscriber. (Compl. I ¶¶ 19-20.) Officer McMenamon allegedly telephoned AOL and requested that it disclose the identity of the owner of the account from which the e-mail had emanated. According to that complaint, before AOL responded to the request, it required Officer McMenamon to "attest that the contents of [the] e-mail showed probable cause of a crime" and to "promise to obtain an after the fact court order"

---

[2]   Because this case is before the Court on a motion to dismiss under Rule 12(b)(6), AOL must treat Hughes' factual allegations as if they were true. *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). In doing so, AOL does not concede that any of the allegations are true in fact. Rather, AOL maintains that all of the statements that it and its attorneys made about the e-mail exhibit on which Hughes has fixated were entirely accurate.

[3]   The appendix contains documents from the record in the prior two proceedings, as well as the relevant attachments and exhibits to those pleadings. These documents are referred to in the Complaint in this case and therefore are properly deemed to be within the four corners of the Complaint. In any event, it is well established that, in deciding a motion to dismiss under Rule 12(b)(6), a court may consider matters of public record, including court documents. *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment . . . And a court ordinarily may treat documents from prior . . . court adjudications as public records.") (internal citations omitted). Consideration of court documents from previous actions is particularly appropriate where a basis for the motion for dismissal is res judicata. *See Colonial Mortgage Bankers Corp. v. Lopez-Stubbe*, 324 F.3d 12, 19 (1st Cir. 2003) (citing *Boateng*).

compelling such disclosure.  (*Id.* ¶ 21.)  After Officer McMenamon agreed to these conditions and certified to AOL that there was probable cause to believe a crime had occurred, AOL allegedly disclosed that the account used to send the threatening e-mail belonged to Plaintiff.  (*Id*. ¶ 22.)  Plaintiff filed a *pro se* suit against AOL and McMenamon on June 8, 2001, alleging twelve counts, including illegal search and seizure, violations of the federal wiretap statute, and state law claims for invasion of privacy.

On August 1, 2001, AOL filed a motion to dismiss Hughes' first complaint, arguing that he had failed to state a claim on which relief could be granted and, alternatively, that his claims were subject to the forum selection clause in the standard AOL subscriber contract, which requires that any lawsuit between AOL and one of its subscribers be filed in Virginia.  (*See* App., Ex. 2.)  In reciting the factual allegations of Plaintiff's complaint, AOL's motion to dismiss quoted the text of the threatening e-mail and then stated:

> (A print-out of this e-mail, *which AOL obtained from the public file associated with the subsequent criminal prosecution of Plaintiff*, is included at Tab A of the Appendix to this Memorandum.  AOL has redacted the victim's name to protect her privacy.)

(*Id.* at 3 (emphasis added).)

Before this Court ruled on AOL's motion to dismiss the initial lawsuit, Hughes filed a Motion for a Temporary Restraining Order and Preliminary Injunction arguing that AOL should be enjoined from submitting the printout of the threatening e-mail to the Court because AOL had somehow unlawfully "intercepted" the e-mail in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2501 *et seq*.  (App., Ex. 3.)  In opposing that motion, AOL argued that Plaintiff could not establish a violation of the ECPA because — as was clear from

4

the allegations in his complaint, the printout of the e-mail itself, and the declarations attached to AOL's opposition — AOL had not obtained the e-mail through any unlawful "interception." (App., Ex. 4.)  Rather, AOL originally obtained a copy of the e-mail message in a fax transmission it received from Officer McMenamon, and later obtained an identical copy of the same e-mail from the *public* court file of the criminal proceeding relating to the death threat that the Commonwealth of Massachusetts had brought against Plaintiff.  (*Id.* at 2.)

On March 29, 2002, the Court (Collings, U.S.M.J.) denied AOL's motion to dismiss on the sole ground that there was a factual issue regarding the forum selection clause that could not be resolved in the context of a Rule 12(b)(6) motion.  (*See* App., Ex. 5.)   The Court stated that its denial was "without prejudice to filing a motion to [sic] for summary judgment based on the forum selection clause." (*Id.* at 3.)  AOL subsequently filed such a motion for summary judgment on April 16, 2002, and the Court granted the motion, dismissing Plaintiff's claims against AOL, on May 28, 2002.  (*See* App., Ex. 6.)

Hughes then filed a Rule 60(b)(3) motion to set aside the summary judgment ruling.  (*See* App., Ex. 7.)  That motion alleged that AOL, through its attorneys, had committed fraud upon the Court.  Specifically, Hughes alleged that "AOL knowingly offered this Court false evidence in support of [i]ts . . . Motion to Dismiss" (*id.* at 2) and that "AOL's attorney signed [the Motion to Dismiss] as a true and factual representation to this Court that the document copied from the *Commonwealth v. Hughes* file is an official record that accurately reflects 'original' e-mail received and stored in AOL's computer" (*id.* at 7).  At the same time, Hughes' motion also alleged that "AOL's attorney signed [the Opposition to Plaintiff's Motion for a Temporary Restraining Order] as a true and factual representation to this Court that the document copied

from the *Commonwealth v. Hughes* file is <u>not</u> an official record that accurately reflects 'original' e-mail received and stored in AOL's computer." (*Id.* at 8 (emphasis in original).) In this fashion, Hughes claimed, "AOL's attorney consciously set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier and unfairly hampering the presentation of the Plaintiffs [sic] claims when he answered Plaintiff's complaint with a false pleading." (*Id.* at 11.)

On November 19, 2002, AOL filed its response to the Rule 60(b)(3) motion, explaining, among other things, that Plaintiff's allegations of fraud were entirely false and otherwise without merit. (*See* App., Ex. 8.) As AOL demonstrated, Plaintiff "fail[ed] to identify a single fraudulent act" in the motion:

> The closest Hughes comes is his convoluted argument that AOL's averments with respect to the threat e-mail sent from his account have been inconsistent. In fact, all of AOL's statements were entirely truthful, and there was no inconsistency. AOL has informed the Court that Officer McMenamon sent AOL a printout of an e-mail sent from Hughes' account on April 17, 2000, and that this printout provided AOL with sufficient justification for releasing Hughes' subscriber information to the police. There is neither contradiction nor fraud.

(*Id.* at 3.) Magistrate Judge Collings denied Plaintiff's Rule 60(b)(3) motion on November 22, 2002. (App., Ex. 9.)[4]

---

[4] Hughes appealed that decision to the First Circuit, but his appeal was dismissed for lack of jurisdiction because the claims against Officer McMenamon were still pending in this Court. Order, *Hughes v. America Online, Inc.*, No. 03-1094 (1st Cir. Mar. 21, 2003). Hughes later appealed Magistrate Judge Collings' Endorsed Order ordering judgment in favor of AOL and Officer McMenamon. *See*, Notice of Appeal, *Hughes v. McMenamon*, No. 01-10981, filed May 14, 2004 (D. Mass.). That later appeal remains pending before the First Circuit.

*Plaintiff's Second Complaint*

On June 13, 2003, Hughes filed a complaint against Magistrate Judge Collings, the attorneys for Officer McMenamon, and the attorneys for AOL based on the same nebulous and false fraud allegations that he had made in his Rule 60(b)(3) motion. (App., Ex. 10 ("Compl. II").) In that complaint, he alleged that "[t]he genesis of the fraud in the instant case is a public record offered at Exhibit A of AOL's CA 01-10981 Memorandum in Support of Its Motion to Dismiss as evidence to prove e-mail printed out from an AOL member's mailbox." (Compl. II ¶ 27.) Hughes also asserted that AOL's attorneys "failed to disclose the odyssey of the Exhibit A document that first began when [Office McMenamon] faxed it as a document, alleged to accurately reflect e-mail printed out from data in an AOL member's mailbox." (*Id*. ¶ 28.) The alleged fraud apparently involved AOL's attorneys offering "a copy of the fax as evidence to prove an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time," and then subsequently offering "clear and convincing evidence to prove that the Exhibit A fax does not reflect that an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time that was put there by AOL." (*Id*. ¶¶ 28-29.) Plaintiff also alleged that, by "endors[ing] AOL's fraudulent Motion to Dismiss" (*id.* ¶ 44), Magistrate Collings "failed his legal duty to appear impartial. . . ." (*id.* ¶ 146). Based on these allegations, Plaintiff claimed that the attorneys, together with Magistrate Judge Collings, committed fraud, fraud upon the court, RICO violations, abuse of process, defamation, intentional infliction of emotional distress, and constitutional violations. (*Id*. ¶¶ 46-153.)

In response to Hughes' second lawsuit, the lawyers who had represented AOL in the first

lawsuit moved to dismiss the complaint on numerous grounds, including that Hughes' claims were barred by res judicata because they were all based on the same allegations that he had raised in his Rule 60(b)(3) motion and that had already been rejected by this Court.  On February 6, 2004, for the reasons advanced by the Defendants, Judge O'Toole dismissed all of Plaintiff's claims with prejudice.  (*See* App., Ex. 11.)[5/]

*The Third Lawsuit*

Unwilling to accept the dispositions of his first and second lawsuits (or to await the outcome of his pending appeals therefrom), Hughes filed the present action against AOL and Officer McMenamon based on the same allegations that were the sole basis of both his Rule 60(b)(3) motion in his first lawsuit and the complaint in his second lawsuit.  As in his prior pleadings, Hughes once again alleges that "[t]he factual basis for this [third] action derives predominantly from cited declarations and allegations reflected in pleadings signed and filed by lawyers for the defendants" relating to AOL's offering of a "document to this Court, in a pleading titled Defendant America Online, Inc.'s Motion to Dismiss located at Tab A of the Appendix of Its Memorandum in Support of that motion."  (App., Ex. 12 ("Compl. III") ¶¶ 14-15.)  In this third action, Hughes seeks to set aside all judicial orders in his first action as void "because they were achieved as a result of fraud upon the Court . . . [which] occurred as the result of AOL's lawyer signing AOL's Motion to Dismiss dated August 2, 2001 knowing it reflects false allegations supported by fabricated evidence."  He further alleges that, by "spontaneously direct[ing] AOL to amend [i]ts Motion to Dismiss based on the forum selection

---

[5/]    Plaintiff has also taken an appeal from this decision, and that appeal is now pending before the First Circuit.  *See Hughes v. Collings*, Nos. 04-1368, 04-1369 (1st Cir. 2004).

8

clause with a Motion for Summary Judgment based on the forum selection clause, . . . Judge Collings knowingly and recklessly demonstrated invidious bias against Hughes and failed to protect his due process rights." (Compl. III ¶¶ 34-35.) On this basis, and relying on Fed. R. Civ. P. 60(b), Hughes argues that this Court's prior orders are the result of "judicial bias . . . and deprivation of due process" and should be declared void. (Compl. III ¶ 11.)

## ARGUMENT

A lawsuit like the present one, which seeks to overturn a judgment entered in an earlier federal lawsuit, must meet the exacting standards of Fed. R. Civ. P. 60(b). As the First Circuit has recognized, Rule 60(b) allows for "extraordinary relief . . . only under exceptional circumstances." *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14-15 (1st Cir. 1994). The Supreme Court has held that independent actions under Rule 60(b) are reserved for "injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (internal quotation marks omitted). Accordingly, "an independent action should be available only to prevent a grave miscarriage of justice." *Id*. at 47. Plaintiff does not come close to meeting the demanding standard for independent actions under Rule 60(b). In particular, his action fails for at least three independent reasons: it is barred by the doctrine of res judicata, it fails to meet the threshold conditions for bringing a Rule 60(b) cause of action, and it fails on the merits. Accordingly, the Complaint should be dismissed with prejudice.

I.   **ALL OF PLAINTIFF'S CLAIMS AGAINST AOL ARE BARRED BY PRINCIPLES OF RES JUDICATA.**

Hughes' present complaint is barred by principles of res judicata because it is nothing more than a rehash — for the *third* time — of frivolous allegations that have already been

9

rejected by this Court.  It is axiomatic that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Res judicata applies whenever three conditions are met:  "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994).

These requirements are easily met in this case.  Both the denial of Plaintiff's Rule 60(b)(3) motion and the dismissal of his second lawsuit constitute final judgments on the merits of the same claims that he is once again asserting in this lawsuit.  A party has the freedom to choose to file *either* a Rule 60(b)(3) motion *or* an independent cause of action.  He cannot, however, choose one option and, having failed, try for a second bite at the apple.  *See Locklin v. Switzer Bros., Inc.*, 335 F.2d 331 (7th Cir. 1964) (Rule 60(b) motion has preclusive effect on subsequent independent Rule 60(b) action based on same allegations); *Cinquini v. Donohoe*, No. C95-04168 FMS, 1996 WL 79822, at *7 (N.D. Cal. Feb. 8, 1996) ("Res judicata does apply to successive Rule 60(b) motions and actions."); *In re Berg*, No. 90-3693, 1990 WL 175690, at *4 (E.D.Pa. Nov. 9, 1990) ("The denial of a Rule 60(b) motion to set aside a default judgment is entitled to *res judicata* effect").  Even leaving aside the preclusive effect of Plaintiff's Rule 60(b)(3) motion, this Court's dismissal of his second lawsuit is also a final judgment on the merits and an independent bar to his present action.

Nor is there any question that the claims raised in Hughes' present Complaint, his second lawsuit, and his Rule 60(b)(3) motion meet the "identicality" requirement for purposes of res

judicata.  In determining whether the subject matter in lawsuits is sufficiently identical, courts apply a "transactional approach," and examine whether the claims in the different suits "derive from a common nucleus of operative facts.  This principle pertains no matter how diverse or prolific the claims themselves may be." *Gonzalez*, 27 F.3d at 755.  Furthermore, the transactional approach extends not only to claims that were raised in the prior litigation, but to claims that could have been raised as well.  *Id.*  It is obvious from the face of the present Complaint that Hughes' current allegations derive from the same nucleus of operative facts as his allegations in both his Rule 60(b)(3) motion and his second complaint.  Indeed, the pertinent pleadings in each of the three lawsuits are based on the *same* factual allegations.  In each of the three cases, the purported basis for Plaintiff's claims is that papers filed on behalf of AOL in the first lawsuit misrepresented the origin of the e-mail exhibit attached to AOL's motion to dismiss and were accordingly fraudulent, and that, by "endorsing" AOL's motion to dismiss (apparently by dismissing that motion without prejudice to AOL filing a motion for summary judgment), Magistrate Collings failed to act impartially.  (*See* Compl. III ¶¶ 34-41; Compl. II ¶ 146; App., Ex. 7 at 2, 7.)  In any event, even if Hughes' present Complaint raised some additional allegations of misconduct, res judicata would still bar this third lawsuit because he could have raised those allegations in his 60(b)(3) motion and/or his second lawsuit.

With respect to the third requirement concerning the identity of the parties, obviously Hughes has been the plaintiff in all three cases.  AOL and Officer McMenamon — the Defendants in the present action — were also the defendants in the first lawsuit.  Although the defendants in the second lawsuit were the attorneys of AOL or Officer McMenamon, "[i]t has long been recognized that the federal doctrine of 'non-mutual claim preclusion' permits a non-

party defendant in a prior action to raise a defense of res judicata in a subsequent suit." *Andrews-Clarke v. Lucent Techs., Inc.*, 157 F. Supp. 2d 93, 100 (D. Mass. 2001) (citing *In re El San Juan Hotel Corp.*, 841 F.2d 6, 10 (1st Cir. 1988)). The defendants in the subsequent suit need only have "a close and significant relationship with the original defendants." *San Juan*, 841 F.2d at 10. AOL and Officer McMenamon clearly have a sufficiently close and significant relationship with their respective attorneys, who were the defendants in the second lawsuit; indeed, those attorneys were named as defendants in the second lawsuit solely on the basis of their representation of AOL and Officer McMenamon in the first lawsuit. Thus, the doctrine of res judicata blocks Hughes from (once again) relitigating his claims.

## II.    PLAINTIFF'S RULE 60 ACTION FAILS AT THE THRESHOLD.

Plaintiff's action also must be dismissed because he does not satisfy the threshold conditions for seeking Rule 60(b) relief. As the First Circuit has explained, "it is the invariable rule . . . that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transport. Co.*, 953 F.2d 17, 20 (1st Cir. 1992) (citing *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990) ("[A] threshold condition for granting the relief is that the movant demonstrate that granting the relief will not in the end have been a futile gesture.").

Here, Plaintiff's Rule 60(b) action is an "empty exercise" because the allegedly false statements that are the basis of his present Complaint are wholly unrelated to the ground on which this Court granted summary judgment against him in the first action — namely, the forum selection clause in his contract with AOL. Thus, even if Plaintiff could show that some

representation by AOL concerning the e-mail attached to its motion to dismiss was untrue — and he cannot — that still could not be a basis for setting aside Magistrate Judge Collings' grant of summary judgment for AOL in the first lawsuit. *See, e.g.*, *United States v. Parcel of Land*, 958 F.2d 1, 5 (1st Cir. 1992) (misstatements of fact that are inconsequential to a dispositive issue do not warrant reversal of a judgment under Rule 60(b).).

Hughes' present Rule 60 action is also futile because the claims he asserted against AOL in his complaint in the first lawsuit were in any event "doomed to fail." *Teamsters*, 953 F.2d at 20. Courts have held that 60(b) relief should not be granted unless the party seeking such relief "can demonstrate a meritorious claim or defense" in the underlying suit. *Id.* at 20 (quoting *Lepowski v. United States Dept. of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)). Hughes does not, and cannot, make such a showing. Even leaving aside the forum selection clause, AOL's motion to dismiss in the first case set forth numerous additional grounds why his claims failed as a matter of law on the merits. (*See* App., Ex. 2.) The result is that, even if he were granted Rule 60(b) relief (and he should not be), his underlying claims still would fail. Thus, he cannot get past this "additional sentry that guards the gateway to Rule 60(b) relief." *Teamsters*, 953 F.2d at 20.

### III.  PLAINTIFF'S ALLEGATIONS OF FRAUD UPON THE COURT AND JUDICIAL BIAS ARE LEGALLY FRIVOLOUS.

Even aside from the threshold failings of Plaintiff's claims, his claims must be dismissed under Rule 12(b)(6) because they fail in any event as a matter of law. Although a Rule 12(b)(6) motion takes the facts and reasonable inferences from them as pleaded by the Complaint, *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993), this Court has made clear that "[t]he standard for stating a claim upon which relief can be granted is not, however, 'toothless.' Plaintiffs must

set forth 'factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" *Sebago, Inc., v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 78-79 (D. Mass. 1998) (citations omitted). Furthermore, the court "need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Correa-Martinez*, 903 F.2d at 52.

### A.     Plaintiff Has Failed to Plead Fraud Upon the Court with Sufficient Particularity.

Under Fed. R. Civ. P. 9(b), when a claim for fraud is alleged, it must be pleaded with particularity. *Powers v. Boston Cooper Corp.*, 926 F.2d 109, 111 (1st Cir. 1991). The particularity requirement serves three important purposes: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit'; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987). A fraud claim that is "wholly conclusory," "lacking in specifics," or "too vague" will be insufficient to satisfy Rule 9(b). *Powers*, 926 F.2d at 111 (quoting *Lopez v. Bulova Watch Co.*, 582 F. Supp. 755, 766 (D.R.I. 1984). The rule requires "specifying in the pleader's complaint the time, place, and content of the alleged false or fraudulent representations." *Id.* Independent actions brought under Rule 60(b) are no exception to this rule. *See, e.g., Vance v. United States*, 60 Fed. Appx. 236, 239 (10th Cir. 2003) ("when fraud is alleged [in an independent action alleging fraud upon the court], it must be pleaded with particularity"); *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) ("Under Rule 60(b), conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief

14

do not serve to raise the issue of fraud.") (internal quotation marks omitted).

Plaintiff has failed to allege fraud upon the court with sufficient particularity to meet the requirement of Rule 9(b).[6/] He repeatedly alleges that "by knowingly adducing evidence and making arguments, which created a false impression, and by knowingly withholding material evidence from this Court AOL and AOL's lawyer perpetrated a fraud upon this Court." (Compl. III ¶¶ 26-33.) But the vague and confusing allegations asserted by Plaintiff in support of this statement are incomprehensible, and certainly are insufficient to place AOL on notice and enable it to prepare a meaningful response.[7/] At times, Plaintiff seems to be alleging that the alleged misrepresentation was about how AOL obtained a copy of the e-mail printout (*see id.* ¶¶ 29-30), while at other times he appears to be alleging that AOL misrepresented who was the author of the threatening e-mail (*see id.* ¶¶ 27, 33). Yet in the course of making these allegations, he fails to identify "the time, place, and content of the alleged false or fraudulent representations."

---

[6/]   While *pro se* complaints should be construed liberally, even a *pro se* plaintiff "must comply with the applicable procedural and substantive rules of law." *Lefebvre v. Comm'r Internal Revenue*, 830 F.2d 417, 419 (1st Cir. 1987). "A liberal reading in favor of a plaintiff . . . will not be sufficient to salvage a complaint that does not supply enough information about the asserted facts . . . to enable the court and opposing parties to identify events or circumstances the pleader is attempting to invoke as the basis for the claim. . . ." *Feliciano v. DuBois*, 846 F. Supp. 1033, 1041 (D. Mass. 1994).

[7/]   *See, e.g.*, Compl. III ¶ 27 ("Either there is undisclosed evidence that proves a fax transmission accurately reflects data stored in the computer of a sender or recipient of e-mail who are not AOL members or the evidence located at Tab A of [AOL's motion to dismiss] . . . was fabricated to appear to be a printout of AOL e-mail."); *id.* ¶ 31 ("Either AOL identified Hughes as the author of a life-threatening e-mail from the face of a printout of e-mail in contradiction to the allegation or the document offered as evidence at Tab A [of AOL's motion to dismiss] . . . does not identify the author of an e-mail threat to commit murder as alleged."); *id.* ¶ 32 ("Either AOL's Motion to Dismiss is a false pleading supported by fabricated evidence or AOL has an as yet to be disclosed evidentiary link between a fax transmission AOL received from Officer McMenamon on April 17, 2000 and an e-mail alleged to have been received by an AOL member on April 16, 2000.").

*Powers*, 926 F.2d at 111. The purpose of Rule 9(b)'s heightened pleading requirement is to protect defendants from such vague allegations and from having to construct the plaintiff's complaint for him in order to respond.

### B. Plaintiff's Allegations of Fraud Are Patently Frivolous.

As difficult as it is to make sense of Plaintiff's various allegations, the central allegation in his present Complaint seems to be that AOL's submissions in the prior lawsuits included misleading or inconsistent statements concerning the origin and chain of custody of an e-mail printout that was attached as an exhibit to AOL's motion to dismiss. A review of those submissions, however, reveals that all of AOL's statements were entirely truthful, and there was no inconsistency. AOL's pleadings in each of Hughes' three lawsuits have consistently and accurately reflected the following facts: *First*, AOL never intercepted the e-mail at issue; rather, the e-mail's intended recipient provided Officer McMenamon with a printout of the e-mail, which was sent from Hughes' AOL account on April 17, 2000, and Officer McMenamon then faxed that printout to AOL. (App., Ex. 4 at 4; Wilhelm Decl. ¶¶ 5, 8, 9, 11.) *Second,* this printout, which appeared to include a death threat, provided AOL with sufficient justification for releasing Hughes' subscriber information to the police. (App., Ex. 2 at 3-4; Ex. 8 at 3.) *Third*, the copy of the e-mail attached to AOL's motion to dismiss Plaintiff's first lawsuit at Tab A was "obtained from the public file associated with the subsequent criminal prosecution of Plaintiff." (App., Ex. 2 at 3; *see also* App., Ex. 4, Constable Decl. ¶¶ 6-7.)[8/] *Fourth*, as "AOL has . . .

---

[8/]   AOL submitted a copy of the threatening e-mail in its motion to dismiss Hughes' first lawsuit only because Hughes himself, despite repeatedly referring to and relying on the e-mail in his complaint, had failed to provide the Court with a copy of the e-mail. (*See* App., Ex. 2 at 3 n.2.)

16

maintained all along . . . the copy of this e-mail contained in the court records of Hughes' criminal prosecution is identical to the e-mail printout AOL received from McMenamon." (App., Ex. 8 at 3 n.3; *see also* App., Ex. 2 at 3 & n.2). Plaintiff has not and cannot point to any iota of contradiction (much less fraud) in any of these statements.

Plaintiff's allegations relating to judicial bias fare no better. Although these allegations are just as incomprehensible as Plaintiff's allegations relating to AOL, it appears that they all stem from his allegation that "Judge Collings spontaneously directed AOL to amend [i]ts Motion to Dismiss based on the forum selection clause with a Motion for Summary Judgment based on the forum selection clause." (Compl. III ¶ 34.) This allegation presumably is based on Magistrate Judge Collings' statement in his March 29, 2002 Order that his denial of AOL's motion was "without prejudice to [AOL] filing a motion to [sic] for summary judgment based on the forum selection clause." (*See* App., Ex. 5 at 3.) Plaintiff asserts that, through this action, "Judge Collings knowingly and recklessly demonstrated invidious bias against Hughes and failed to protect his due process rights when he failed his lawful duty to protect the integrity of the Federal Judiciary; maintain a reasonable appearance of impartiality; and failed his duty to protect the due process rights of an unrepresented party." (Compl. III ¶ 35.) But far from evidencing preferential treatment or bias, the denial of a motion to dismiss without prejudice to a properly supported summary judgment motion is routine practice for courts. *See, e.g., Penney v. Town of Middleton*, 888 F. Supp. 332, 343 (D.N.H. 1994) (denying defendant's motion to dismiss "without prejudice to their right to present the issue again in a properly supported motion for summary judgment."); *Wilson v. Brock*, No. Civ. 01-284-JD, 2002 WL 1676287, *8 (D.N.H. July 18, 2002) ("[Defendant's] motion to dismiss is denied without prejudice to file an

appropriate motion for judgment on the pleadings . . . or a motion for summary judgment.").[9/]

Because Plaintiff's allegations are frivolous on their face, the Court should dismiss these claims under Rule 12(b)(6).

---

[9/]   Statements by courts that the disposition of one motion is "without prejudice" to the filing of another motion are commonplace and obviously are not evidence of judicial bias or misconduct.  Magistrate Judge Collings himself has used similar language in orders he has issued in other unrelated cases.  *See, e.g., Meltzer v. Grant*, 193 F. Supp. 2d 373 (D.Mass. 2002) (denying defendant's motion to dismiss "without prejudice to filing a well pleaded motion for summary judgment"); *Eggert v. The Merrimac Paper Co.,* 311 F. Supp. 2d 245 (D.Mass. 2004) (partially dismissing plaintiff's complaint "without prejudice to filing a motion for summary judgment . . . .").

## **CONCLUSION**

For the foregoing reasons, AOL's Motion to Dismiss should be granted, and all of Plaintiff's claims against AOL should be dismissed with prejudice.

        Respectfully submitted,

        /s/ Benjamin M. Stern
        Patrick J. Carome
        Samir Jain
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        2445 M Street NW
        Washington, DC  20037
        Phone: (202) 663-6000
        Fax:  (202) 663-6363

        Benjamin M. Stern (MAB646778)
        WILMER CUTLER PICKERING
        HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        Phone: (617) 526-6000
        Fax: (617) 526-5000

        *Attorneys for America Online, Inc.*

October 4, 2004

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the above and foregoing Memorandum in Support of Defendant America Online, Inc.'s Motion to Dismiss has been served via first class United States mail, postage prepaid, this 4th day of October, 2004 on the following:

>Walter P. Hughes
>13 Lockway Road
>Andover, Massachusetts 01810
>Plaintiff Appearing *pro se*
>
>Joseph L. Tehan, Jr., Esq.
>Katharine I. Goree, Esq.
>Kopelman & Paige, P.C.
>31 St. James Avenue
>Boston, Massachusetts 02116
>Counsel for Defendant McMenamon
>
>Maurice J. Lariviere, Jr., Esq.
>41 Pleasant Street
>Suite 311
>Methuen, Massachusetts 01844
>Counsel for Defendant McMenamon

>/s/ Benjamin M. Stern
>Benjamin M. Stern