**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01 10981MLW

| | |
|---|---|
| WALTER P. HUGHES ) | |
| ) | |
| Plaintiff, ) | EX PARTE MOTION FOR TEMPORARY |
| ) | RESTRAINING ORDER AND |
| v, ) | PRELIMINARY INJUNCTION |
| ) | |
| THOMAS MCMENAMON, JR ) | |
| ) | |
| and ) | |
| ) | |
| AMERICA ONLINE, INC. ) | |
| ) | |
| Defendants. ) | |

Pro se Plaintiff Walter P. Hughes ("Plaintiff"), respectfully moves this Court for a temporary restraining order and preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure, enjoining the defendant America Online, Inc. ("AOL") from using all or any part of the contents of a document located at Tab A of AOL'S Appendix To Defendant America Online, Inc.'s Memorandum In Support Of Its Motion To Dismiss. This motion is made on the basis that the Wiretap Act 18 U.S.C. §§250-12522, and the Stored Communications Act, 18 U.S.C. 2701-2710 and M.G. L. c. 272 §99 et seq. prohibit disclosure or use of the contents of an intercepted electronic communication.

Respectfully submitted,

Walter P. Hughes, pro se

## DECLARATION ESTABLISHING FOUNDATION OF EXHIBITS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 01 10981MLW

| | |
|---|---|
| WALTER P. HUGHES ) Plaintiff, ) ) v, ) ) THOMAS MCMENAMON, JR ) ) and ) ) AMERICA ONLINE, INC. ) ) Defendants. ) | DECLARATION OF WALTER P HUGHES, PRO SE PLAINTIFF, IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

I, Walter P. Hughes, declare:

1. I am the pro se Plaintiff in this action.
2. On Monday, October 1, 2001, Plaintiff telephoned and spoke with counsel for AOL and advised him that this motion would be filed.
3. On July 31, 2001 I was served with Defendant America Online, Inc.'s Motion to dismiss the complaint in this action.
4. A document at Tab A of the Appendix To Defendant America Online, Inc.'s ("AOL") Memorandum In Support Of Its Motion to Dismiss referred to in paragraph 2 of this declaration discloses and uses the contents of an electronic communication.
5. The law prohibits my disclosing or using the contents of an electronic communication, I shall therefore refer to the document referred to paragraph 3 of this declaration as Tab A.
6. From my personal knowledge I can and do state that on or about July 31, 2001, I received a personal invitation via U.S. mail to "come back" to AOL'S interned service using a personalized registration number and password assigned by AOL
7. From my personal knowledge I can and do state that a copy of the addressee portion of the mailing referred to in paragraph 5 of this declaration is attached to this motion as Exhibit 1.

I swear under penalty of perjury under the laws of the United States that the statements in this declaration are true.

Executed October 11, 2001, at Andover, Massachusetts.

Declarant

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 01 10981MLW

| | |
|---|---|
| WALTER P. HUGHES )<br><br>Plaintiff, )<br><br>v, )<br><br>THOMAS MCMENAMON, JR )<br><br>and )<br><br>AMERICA ONLINE, INC. )<br><br>Defendants, ) | PRO SE PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This memorandum is submitted in support of the attached Ex Parte Motion For Temporary Restraining Order and Preliminary Injunction.

## STATEMENT OF FACTS

On June 8, 2001, Plaintiff filed a complaint in this action seeking damages against Defendant America Online, Inc. ("AOL") in accordance with the Wiretap Act 18 U.S.C. §§250-12522, the Stored Communications Act 18 U.S.C. 2701-2710 ("ECPA"), and M.G.L ch 272 §99 18 U.S.C. §2520(a) that alleges among other things that AOL intercepted, disclosed and used the contents of an electronic communication.

AOL did not answer the complaint but did file a Motion to Dismiss on July 31, 2001.

AOL claims that Plaintiff does not have a reasonable expectation of privacy relative to ECPA, citing [U] United States v. Hambrick, No. 99-4793 (4th Cir. 08/03/2000); and that AOL had implied consent to disclosure, citing Gilday v Dubois, 124 F.3d 277 (1st Cir. 08/29/1997).

Hambrick decides a case involving the Fourth Amendment exclusionary rule and a subjective expectation of privacy derived from the lack of a privacy agreement between a

1

subscriber and an internet service provider ("ISP"). Neither of which is relevant to the instant

case.

Gilday is likewise irrelevant because it does not relate to ECPA. See United States v.

Footman, No. 99-1558 (1st Cir. 06/16/2000), "In civil prison conditions cases, this court has

alluded to but not decided the issue of whether the interception (and recording) of inmate calls

violates Title III. See Gilday v. Dubois, 124 F.3d 277, 296-98 (1st Cir. 1997); Langton v. Hogan,

71 F.3d 930, 935-37 (1st Cir. 1995)."

ECPA proscribes the interception disclosure, and use of the content[1] of communications

subject to a variety of exceptions. Content privacy is proscribed in terms of intercept

(eavesdropping) and subsequent disclosure[2]. Party identification disclosure is proscribed

depending on who makes the disclosure and to whom the disclosure is made.[3] Here AOL claims

the prior consent exception[4] in both cases.

---

[1] 18 U.S.C. § 2510 (8) "contents", when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication;
[2] 18 U.S.C. § 2510 (4) - "intercept" means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device.
[3] Section 2703(c) - Records Concerning Electronic Communication Service or Remote Computing Service. - (1)(A) Except as provided in subparagraph (B), a provider of electronic communication service or remote computing service may disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a) or (b) of this section) to any person other than a governmental entity.
(B) A provider of electronic communication service or remote computing service shall disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a) or (b) of this section) to a governmental entity only when the governmental entity -
  (i) obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant;
  (ii) obtains a court order for such disclosure under subsection (d) of this section;
  (iii) has the consent of the subscriber or customer to such disclosure; or ...
[4] 18 U.S.C. § 2511(2)(c), (d) - It shall not be unlawful under this chapter for a person ... to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

2

The Massachusetts Wiretap Act does not distinguish between content and party identification information.[5]

The complaint alleges that the search conducted in AOL'S premises on April 17, 2000 was done without a court warrant.

The complaint alleges that the contents of a communication were disclosed when AOL attached the contents of an e-mail to a fax interchange between AOL and a governmental entity on April 17, 2000.

The complaint alleges that Plaintiff's AOL subscriber account information was disclosed to a governmental entity without a warrant.

AOL attached the contents of said e-mail at Tab A in its Motion to Dismiss filed on July 31, 2001.

AOL claims it lawfully disclosed the content of Tab A because it was found in a public place.

## ARGUMENT

Implied consent must be more than casual consent to overcome the prophylactic purposes of ECPA and M.G.L. 272 §99. See Williams v. Poulos, 11 F.3d 271 (1st Cir. 12/14/1993), "As we have made clear, consent under *Title III* need not be explicit; instead, it can be implied. See Griggs-Ryan v. Smith, 904 F.2d 112, 116 (1st Cir. 1990). Implied consent is not, however, constructive consent. Id, "Rather, implied consent is 'consent in fact' which is inferred 'from surrounding circumstances indicating that the party knowingly agreed to the surveillance." (quoting United States v. Amen, 831 F.2d 373, 378 (2d Cir. 1987), cert. denied, 108 S. Ct. 1573 (1988)) (brackets omitted) (emphasis supplied). In light of the prophylactic purposes of Title III,

---

[5] M.G.L. c. 272 §99 - 5. The term "contents", when used with respect to any wire or oral communication, means any information concerning the identity of the parties to such communication or the existence, contents, substance, purport, or meaning of that communication.

implied consent should not be casually inferred.". See also Konop v. Hawaiian Airlines, Inc., No. 99-55106 (9th Cir. 01/08/2001), "The circumstances relevant to an implication of consent will vary from case to case, but the compendium will ordinarily include language or acts which tend to prove (or disprove) that a party knows of, or assents to, encroachments on the routine expectation that conversations are private. And the ultimate determination must proceed in light of the prophylactic purpose of [the Wiretap Act]--a purpose which suggests that consent should not casually be inferred. Griggs-Ryan v. Smith, 904 F.2d 112, 117 (1st Cir. 1990) (cited in Van Poyck, 77 F.3d at 292). The existence of implied consent is a question of fact that can be resolved on summary judgment only when "the events material to the issue of prior consent are straightforward, hence effectively uncontroverted."

ECPA provides privacy protection to communications that are not accessible to the general public.[6]  Plaintiff's communications to AOL'S website are privacy protected under ECPA because access to AOL'S communication system requires prior entry of a user name and password. See Exhibit 1 at Tab 1, a personal invitation mailed to Plaintiff on or about July 31, 2001 with which AOL entreats Plaintiff to "come back" using an AOL assigned entry code and password. Websites that require prior entry of assigned passwords are secure websites. See Konop v. Hawaiian Airlines, Inc., No. 99-55106 (9th Cir. 01/08/2001), "The contents of secure websites are "electronic communications " in intermediate storage that are protected from unauthorized interception under the Wiretap Act."

---

[6]18 U.S.C. § 2511(2)(g) - It shall not be unlawful under this chapter or chapter 121 of this title for any person – (i) to intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public;.

4

ECPA provides criminal and civil penalties to protect the privacy of communications without regard to content[7]. This is especially true when the interceptor or his agent makes an unauthorized disclosure or use of the communication.

· Communications do not lose ECPA privacy protection because of where they are found, see, Bartnicki v Vopper, No. 99-1687(U.S. 05/21/2001), a case in which Supreme Court ruled on a non-mailed, privacy protected communication found in a mail box.

AOL introduced Tab A as evidence in its Motion to Dismiss notwithstanding the provisions of 18 U.S.C. §2515.[8][9]

## CONCLUSION

A temporary restraining order and preliminary injunction should issue requiring AOL not to disclose or use the contents of Tab A at any time for any purpose until there has been an adjudication of whether said contents were intercepted and Plaintiff's AOL account information was disclosed illegally.[10]

Respectfully submitted,

_____   Dated: October 11, 2001
Walter P. Hughes, pro se

---

[7] See Boehner v. McDermott, 191 F.3d 463, 27 Media L. Rep 2345 (D.C. Cir. 09/24/1999); Bartnicki v Vopper, No. 99-1687(U.S. 05/21/2001)
[8] 18 U.S.C. §2515 - Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation   of this chapter.
[9] "The variety of acts constituting interception was expanded by Title I of the ECPA from "aural acquisition" of protected communications to "aural or other acquisition" of protected communications, 18 U.S.C, S 2510(4) (1986) (emphasis added). The ECPA also reclassified and redefined the types of communications protected from interception. The definition of "wire communication " was narrowed from "any communication " made over the wires to "any aural transfer" made over the wires, id, at S 2510(1) (emphasis added), but the definition was also expanded to include "any electronic storage of such communication. " Id. In addition, the ECPA added a catch-all category of "electronic communication"...", Konop v. Hawaiian Airlines, Inc., No. 99-55106 (9th Cir. 01/08/2001),
[10] See Williams v. Poulos, 11 F.3d 271 (1st Cir. 12/14/1993) ¶¶ [91],[93],[94],[96]

5



New!
DON'T PACK AND TRY IT TODAY
AOL 6.0

1,000 Hours FREE!
for 45 days · see details inside

Get AOL Anywhere – Even by Phone!

ADA922

YOUR REGISTRATION #:              7B-9567-2640

YOUR PASSWORD:                    MISS-NOISED

AMERICA ONLINE                                   PRSRT STD
22000 AOL WAY                                    US POSTAGE
DULLES, VA 30166                                 PAID
                                                 AMERICA
                                                 ONLINE, INC.

**************** ECRLOT ** C-031
DCR106-90 182025-1214368 PK:60 BAG:0348
WALTER HUGHES
13 LOCKWAY RD
ANDOVER MA 01810-3503