**EXHIBIT 4**

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WALTER P. HUGHES,                    )
                                     )
                Plaintiff,           )
                                     )
v.                                   )        Civil Docket No. 01 10981MLW
                                     )
THOMAS McMENAMON, JR.                )
                                     )
and                                  )
                                     )
AMERICA ONLINE, INC.,                )
                                     )
                Defendants.          )

**DEFENDANT AMERICA ONLINE'S REPONSE TO
PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Pursuant to this Court's Order dated October 17, 2001, Defendant America Online, Inc.

("AOL") hereby responds to Plaintiff's October 24, 2001 filings, including Plaintiff's

(1) Statement Clarifying Pro Se Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and

Preliminary Injunction and Motion for Reconsideration ("Pl.'s Clarifying Statement"); (2) Motion

for Reconsideration of Pro Se Plaintiff's *Ex Parte* Motion for Temporary Restraining Order

("Pl.'s Mot. for Reconsideration"); and (3) Plaintiff's October 11, 2001, Memorandum in Support

of His Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Pl.'s Ex

Parte Mem.").

Based on many of the same misconceptions that underlie his Complaint, Plaintiff now

seeks an injunction preventing AOL from using in this litigation the printout of the e-mail

containing a death threat that lies at the very heart of this litigation.[1/] Plaintiff argues that AOL should somehow be retroactively barred from providing that document to this Court based on a patently erroneous claim that AOL unlawfully "intercepted" the e-mail in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2501 *et seq*. Plaintiff's argument fails for one plain and central reason: The e-mail was not unlawfully "intercepted." To the contrary, as is obvious from the face of Plaintiff's own Complaint, the threatening e-mail itself, and the Declarations attached to this Opposition,[2/] AOL obtained the printout of the e-mail not through "interception," but rather through a fax transmission from a Methuen police officer (Defendant Thomas McMenamon, Jr.), who, in turn, had received it from the intended recipient of the e-mail when she reported the threat to the police. Moreover, as is also established in the attached Declarations, the threatening e-mail was already in the public record before this litigation as a result of the criminal proceedings filed against Plaintiff by the Commonwealth of Massachusetts.

As discussed more fully in Point I, below, Plaintiff has failed for these reasons to demonstrate either that he is likely to prevail on the merits of any claim that AOL violated the law by providing the document to the Court, or that he would suffer irreparable injury from that or any future act about which he is concerned. Accordingly, his motion for an injunction must be denied.

Moreover, Plaintiff has now declared that his Motion for Reconsideration "should be deemed a response to Defendant America Online, Inc.'s August 1, 2001 Motion to Dismiss."

---

[1/]    Because Plaintiff's Complaint had repeatedly referenced this threatening e-mail but failed to attach it, AOL submitted it to the Court as Tab A of the Appendix to AOL's Memorandum in Support of Its Motion to Dismiss.

(Pl.'s Clarifying Statement at 1.)  As such, however, this "response" does not address the merits

of *any* of Plaintiff's dozen causes of action, or the reasons AOL has offered for their dismissal,

with the exception only of Plaintiff's ECPA claims.  But even as to those claims, Plaintiff still has

failed to explain how he has alleged an unlawful interception, or how his claims can survive in the

face of his express consent to AOL's alleged disclosures to the police of his identity.  Finally,

Plaintiff has nowhere indicated why the forum selection clause to which he agreed as a condition

of his AOL membership does not bar this lawsuit from proceeding in this forum.  For all of these

reasons, as discussed more fully in Point II below, the Court should now grant AOL's Motion to

Dismiss the Complaint in its entirety.

## I.    PLAINTIFF'S REQUEST FOR AN INJUNCTION SHOULD BE DENIED.

"[A] preliminary injunction is an extraordinary remedy that may be granted only by a

clear demonstration by a plaintiff of the merits of such a request."  13 *Moore's Fed. Prac.* § 65.20,

at 65-29 (3d ed. 1998) (footnotes omitted) (quoted in *DuPont v. Dubois*, 187 F.3d 621 (Table),

1998 WL 1085819, at *1 (1st Cir. July 15, 1998)).  The four familiar factors — likelihood of

success on the merits, imminent threat of irreparable harm, balance of hardships to the parties,

and public interest — must be weighed by the court, with the likelihood of success on the merits

being the most important factor.  *Cablevision of Boston, Inc. v. Public Imp. Comm'n*, 38 F. Supp.

2d 46, 53 (D. Mass.), *aff'd*, 184 F.3d 88 (1st Cir. 1999).  Under these factors, Plaintiff obviously

is not entitled to any relief.

Contrary to Plaintiff's argument, AOL's provision of the threatening e-mail to this Court

did not constitute the unlawful use of the contents of an unlawfully intercepted electronic

---

[2/]    The Declaration of J. Charles Wilhelm ("Wilhelm Decl.") is attached as Tab 1 to this
Response.  The Declaration of Mark Constable ("Constable Decl.") is attached at Tab 2.

communication. As noted repeatedly throughout AOL's two prior memoranda, the threatening e-mail was never intercepted; instead, the e-mail's intended recipient gave it to the police and the police then faxed it to AOL. This is clear from four separate sources. *First*, these are the very facts alleged in the Complaint. (Compl. ¶ 19 ("A person . . . walked into Methuen Police Headquarters . . . [on] April 17, 2000 and presented Defendant McMenamon with an ·unauthenticated e-mail printout alleged to have been received the night before.").) *Second*, the threatening email document itself, across the bottom, reads "Sunday, April 16, 2000  America Online: GrLsRuLe14  Page: 1." (*See* Appendix to Defendant America Online, Inc.'s Memorandum in Support of Its Motion to Dismiss ("AOL Mem."), Tab A.) As set forth in the attached Declaration of AOL employee Charles Wilhelm, this is a standard legend generated by the AOL software that resides on each AOL user's computer, reflecting that the printout of the e-mail was originally produced by the recipient, who uses the screen name "GrLsRuLe14." (Wilhelm Decl. ¶ 9.) *Third*, the police report in the criminal case, which was faxed by the Methuen Police to AOL together with the threatening e-mail, reflects that the threatening e-mail was provided to the police by the recipient. (*See* Wilhelm Declaration ¶ 8 & Ex. A at 2 ("On Sunday 4/16/00 at approx 2301 hrs [victim] had received an email on her America Online computer service. [Victim] had printed the message . . . .").) *Fourth*, Mr. Wilhelm, who received the faxed document from the Methuen police, states in his Declaration that AOL did not intercept the e-mail or obtain it from electronic storage in its system, but instead received it by fax from the police, who in turn had received it from the victim of the threat. (Wilhelm Decl. ¶¶ 5, 8, 11.)

The law in this District (and elsewhere) is clear that the acquisition of a delivered e-mail after it has been opened by its recipient cannot violate ECPA as a matter of law because ECPA's interception prohibition applies to electronic communications only while they are in transit. *See*

4

*Eagle Inv. Sys. Corp. v. Tamm*, 146 F. Supp. 2d 105, 111-13 (D. Mass 2001) (collecting cases).

Moreover, the ECPA prohibition on disclosure of the contents of electronic communications by a

provider of an electronic communication service prohibits only "divulge[nce] to any person or

entity [of] the contents of a communication while in electronic storage by that service." 18

U.S.C. § 2702(a)(1). Because the contents of the e-mail were disclosed *by the recipient* after

transmission was complete and not by AOL while the e-mail was in electronic storage, no illegal

interception occurred and ECPA's prohibitions on disclosure of contents are inapplicable. For

these reasons, Plaintiff has no chance of succeeding on the merits of his claim that AOL's

provision to this Court of the e-mail printout, obtained from the recipient via the Methuen police,

violated any law.

Nor can Plaintiff meet the other three requirements for a preliminary injunction. First,

Plaintiff cannot show AOL's provision of the threatening e-mail to this Court caused him any

harm, much less irreparable harm, or that any future use of the document could cause him

irreparable harm. In this regard, it is noteworthy that *before* AOL provided the threatening e-mail

to this Court the threatening e-mail had *already* become a matter of public record — available to

any member of the public — as a result of the criminal proceedings against Plaintiff in state court.

(*See* Constable Decl. ¶¶ 4-8.) There is no reason to believe that any privacy interest of Plaintiff

has been or will be irreparably injured by use in this case of an e-mail already made public in

other proceedings. Second, the balance of harms in this case overwhelmingly favors AOL. Any

incremental harm to Plaintiff from use of the threatening e-mail in this case, when it is already

part of the public record in another case, is far outweighed by the importance to AOL of

providing this information to the Court. After all, it is Plaintiff who came to this Court seeking

damages for the disclosure of information occasioned by the transmission of the threatening e-

mail from his AOL e-mail account. Finally, the public interest and the cause of justice is best served by the Court's being made fully aware of the basic facts in this case.[3/]

In sum, because Plaintiff has failed to demonstrate a likelihood of success on the merits or irreparable harm, and because the balance of harms and the public interest weigh heavily against entry of any injunction, Plaintiff's request for injunctive relief should be denied.

## II.    AOL'S MOTION TO DISMISS SHOULD BE GRANTED.

Plaintiff has also declared that his latest flurry of papers constitute his response to AOL's Motion to Dismiss. (Pl.'s Clarifying Statement at 1.) Yet, once again, Plaintiff has failed to address in any meaningful way any of AOL's arguments why each of his assorted causes of action should be dismissed.

In its Memorandum supporting its Motion to Dismiss and again in its Opposition to Plaintiff's Motion to Defer a Hearing on AOL's Motion to Dismiss ("AOL Opp."), AOL demonstrated that each of Plaintiff's twelve causes of action fail to state a claim on which relief can be granted. Counts One through Four, asserting constitutional violations, fail because AOL is not a state actor (AOL Mem. at 7-9; AOL Opp. at 3); Counts Five and Six, asserting abuse of process and malicious prosecution, fail to allege that AOL directed or participated in any way in the kinds of legal processes covered by those discrete torts (AOL Mem. at 9-10; AOL Opp. at 3); Counts Seven through Ten, asserting violations of ECPA and its Massachusetts analogue fail because Plaintiff has not alleged that AOL intercepted or disclosed the contents of any communication (AOL Mem. at 11-17; AOL Opp. at 3), and because Plaintiff in any event

---

[3/]    Interestingly, if Plaintiff is asserting that he has a privacy interest in the e-mail, he is in effect conceding that it was he who sent the death threat to the victim. His Complaint appears to deny this. (*See, e.g.,* Compl. ¶ 38.)

consented to a disclosure when he agreed to the terms of AOL's Terms of Service (AOL Mem. at 14; AOL Opp. at 3); Count Eleven, asserting a claim under the Massachusetts unfair business practices statute, fails because the Complaint alleges no deceptive activity whatsoever (AOL Mem. at 17; AOL Opp. at 3); and Count Twelve, seeking damages for the intentional infliction of emotional distress, fails because Plaintiff does not allege that AOL's actions were "extreme and outrageous" or that AOL intended to cause him any harm (AOL Mem. at 17; AOL Opp. at 3-4).

In fact, with the exception of the ECPA and Massachusetts Wiretap Act claims, Plaintiff has failed even to *mention* his claims or AOL's arguments demonstrating why they should be dismissed. This failure is especially glaring given the repeated opportunities Plaintiff has had to attempt to defend the merits of these claims, AOL's prior assertion that Plaintiff had made no arguments (AOL Opp. at 1-4), and this Court's direction to Plaintiff to respond (*see* Order dated Oct. 17, 2001, at 2). Accordingly, Plaintiff has waived these claims, *see Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990) (plaintiff's failure to respond to arguments raised in motion to dismiss constitutes waiver), and in any event they should be dismissed on their merits, with prejudice, in their entirety.

The only claims Plaintiff has even attempted to defend relate to ECPA and the Massachusetts Wiretap Act. None of Plaintiff's responses has merit. First, in Plaintiff's Ex Parte Memorandum, he argues for the first time that "the contents of a communication were disclosed when AOL attached the contents of an e-mail to a fax interchange between AOL and a government entity on April 17, 2000." (Pl.'s Ex Parte Mem. at 3). But contrary to this new allegation, the Complaint does *not* allege that AOL faxed the contents of an e-mail to Officer McMenamon. As explained in detail in AOL's Motion to Dismiss, the Complaint alleges instead that the *recipient* of the e-mail, and not AOL, provided the e-mail to the police. (*See* Compl. ¶ 19;

7

AOL Mem. at 12.) Even if AOL *had* faxed the e-mail back to law enforcement, Plaintiff has failed to allege that anyone engaged in an "interception" of his communications within the meaning of ECPA.

Of course, Plaintiff's concession that the recipient of the threatening e-mail printed it out and gave it to the police is fatal to his argument that there was an "interception" here. It is obviously absurd to suggest that the recipient of an e-mail unlawfully "intercepts" its contents when she opens it or prints it out; such a construction would render every receipt of every e-mail to be a violation of ECPA.[4] If the forwarding or passing on of a received e-mail by the recipient (even without the consent of the sender) were an ECPA violation, then millions of ordinary e-mail communications would become actionable torts. Unsurprisingly, Plaintiff does not cite any case that even suggests that a person violates ECPA when he prints out an e-mail addressed to him, or when he gives that printout to another person, or when that person in turn passes it along to another. To the contrary, as discussed above, the law in this District (and elsewhere) is clear that the acquisition of a delivered e-mail from its recipient after he or she has opened it cannot violate ECPA because ECPA's interception prohibition applies only to e-mails while they are in transit. *See Eagle Inv. Sys. Corp. v. Tamm*, 146 F. Supp. 2d 105, 111-13 (D. Mass. 2001) (collecting cases).

Second, Plaintiff continues to assert — in a conclusory fashion — that "Plaintiff's AOL subscriber account information was disclosed to a governmental entity . . . ." (Pl.'s Ex Parte Mem. at 3.) This argument is foreclosed for the reasons explained in detail in AOL's Memorandum accompanying its Motion to Dismiss (*see* AOL Mem. at 14-15), including the fact

---

[4]     Moreover, ECPA makes clear that a party to a communication may intercept an electronic communication as long as the party does not have a criminal or tortious purpose for doing so. 18 U.S.C. § 2511(2)(d).

that Plaintiff consented to the disclosure as condition of use of AOL's service. As AOL has explained repeatedly (*id.* at 5-6, 14-15 & n.7; AOL Opp. at 4-7), Plaintiff consented to AOL's Terms of Service as a condition of becoming a subscriber. Those terms included a Privacy Policy that authorized exactly the sorts of disclosures that allegedly occurred here — pursuant to valid legal process and in the exigent circumstances of a death threat. Plaintiff does not dispute that these were conditions of use at the time he used the AOL service, that by agreeing to use the AOL service he consented to these conditions, and that AOL's disclosure of his subscriber information to the authorities was within the scope of his consent. Indeed, Plaintiff's latest filings (in marked contrast to the Complaint) do not even mention AOL's Terms of Service.[5/]

Accordingly, because Plaintiff has failed to rebut the compelling arguments presented in AOL's earlier filings before this Court, the Complaint should be dismissed for failure to state a claim.

Finally, Plaintiff has also utterly failed to address AOL's argument that his lawsuit violates the forum selection clause to which he agreed when he first subscribed to the AOL service. (*See* AOL Mem. at 18-20; AOL Opp. at 7.) Plaintiff proffers no reason why this case should not be dismissed under the forum selection clause. For this alternative independent reason, Plaintiff's lawsuit should be dismissed.

---

[5/]    For much the same reasons, Plaintiff has also failed to show how his claims under the Massachusetts Wiretap Act can survive AOL's motion to dismiss. In particular, he has failed even to address AOL's arguments that the Complaint does not allege any wiretapping or interception within the meaning of the Massachusetts statute and that his consent to AOL's alleged disclosure bars those claims as well. (*See* AOL Mem. at 15-17.)

## CONCLUSION

Plaintiff has failed to meet the test for obtaining a preliminary injunction or to show why his Complaint should not be dismissed.  Accordingly, this Court should deny Plaintiff's motion for a temporary restraining order and a preliminary injunction, and grant AOL's Motion to Dismiss.

Respectfully submitted,

Of Counsel:
Laura A. Heymann
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

Patrick J. Carome
B.B.O. #542808
David W. Ogden
Neil M. Richards
WILMER, CUTLER & PICKERING
2445 M Street NW
Washington, DC 20037
Phone: (202) 663-6000
Fax: (202) 663-6363


Paul Holtzman
KROKIDAS & BLUESTEIN LLP
B.B.O. # 563184
141 Tremont Street
Boston, MA 02111
Phone: (617) 482-7211
Fax: (617) 482-7212

November 7, 2001

Attorneys for Defendant America Online, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing has been served on the following persons via hand delivery this 7th day of November, 2001:

Walter P. Hughes
13 Lockway Road
Andover, Massachusetts 01810
Plaintiff Appearing *pro se*

Joseph L. Tehan, Jr.
Katharine I. Goree
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, Massachusetts 02116
Counsel for Defendant McMenamon

I hereby certify that a true and accurate copy of the above and foregoing has been served on the following person via first class United States mail, postage prepaid, this 7th day of November, 2001:

Maurice J. Lariviere, Jr.
41 Pleasant Street
Suite 311
Methuen, Massachusetts 01844
Counsel for Defendant McMenamon

_____
Paul Holtzman

1866\0001\106739.1

**EXHIBIT 4, Wilhelm Declaration**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER P. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Docket No. 01 10981MLW |
| | ) |
| THOMAS McMENAMON, JR. | ) |
| | ) |
| and | ) |
| | ) |
| AMERICA ONLINE, INC., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF J. CHARLES WILHELM

I, J. Charles Wilhelm, pursuant to 28 U.S.C. § 1746, do hereby declare the following:

1.     I am employed as a Product Support Specialist at America Online, Inc. ("AOL"), and have been employed in that capacity since October 1997.

2.     The statements and facts in this declaration are based on personal knowledge obtained in the course of my duties as an employee of AOL and based in part on my review of the AOL file in this matter and discussions with other AOL employees pursuant to and in the ordinary course of business.

3.     As part of my duties as a Product Support Specialist, I respond to after-hours law enforcement requests for member account information as part of the Tool Performance Management Team ("TPM") at AOL's Mission Control Center in Tucson, Arizona.  On April 17, 2000, I was working in this capacity.

4.    The document attached to this declaration as Exhibit A is a copy of a document contained in AOL's TPM files.

5.    Although I have little independent recollection of the receipt of this document, based upon my examination of the file and my knowledge of AOL's subscriber information procedures, I can state with certainty that at approximately 12:24 pm on April 17, 2000, Officer Thomas McMenamon, Jr., of the Methuen, Massachusetts Police Department, reported to me that he was investigating a death threat made by one AOL member via e-mail to another AOL member.  Officer McMenamon stated that he had a copy of the threat that he was willing to fax to AOL.  AOL has a standard procedure that it follows in exigent circumstances such as these. Following these procedures, we determined that the caller was indeed Officer McMenamon, and then allowed the Officer to fax us a copy of the threat.

6.    I can state that Exhibit A is a true and accurate copy of a three-page fax document that was faxed to AOL on April 17, 2000, by Officer Thomas McMenamon, Jr., of the Methuen, Massachusetts Police Department, except that Exhibit A has been modified in several places to remove the name of the recipient of the e-mail and of the person who reported the crime.

7.    The first page of Exhibit A is the cover sheet of the document that Officer McMenamon faxed to me at 12:31 pm on April 17, 2000.

8.    The second page of Exhibit A is a copy of the police report, which states that the victim "had printed" the threat e-mail, which was attached.

9.    The third page of Exhibit A is the copy of the threat e-mail that was sent to me by Officer McMenamon.  This appears to be a printout of an e-mail dated April 16, 2000, from

2

"MooMoo868790043" to "GrLsRuLe14." At the bottom of the document is a line that reads "Sunday April 16, 2000 America Online GrLsRuLe 14 Page: 1." AOL's user software produces this line when an e-mail is printed by a user of the software. This particular record reflects that the document was printed on April 16, 2000, by the person with the AOL screen name "GrLsRuLe 14," who was the recipient of the email.

10.    The file reflects that I reviewed the materials forwarded by Officer McMenamon at the time and subsequently caused them to be retained by AOL.

11.    AOL received the document marked as Exhibit A from Officer McMenamon; it was not produced by AOL to Officer McMenamon from any internal logs of e-mails sent or received by AOL members.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _5TH_ day of November, 2001.

J. Charles Wilhelm

3

**EXHIBIT 4, Wilhelm Declaration, Tab A**

# Methuen Police Department
# Fax Transmittal

90 Hampshire Street
Methuen MA 01844
Bruce A. MacDougall, Chief of Police



To: America Online        Attn: Charles
    (520) 265 1933
From: OFF. Tom McMenamon Jr (PBB)
      (978) 794-3241

Date: 4/17/00

Subject: Investigation

Pages: (Cover & _2_ pages)

Remarks:

| Telephone Numbers | | Fax Numbers |
|---|---|---|
| 978-794-3291 | Chief of Police | 978-975-7466 |
| 978-794-3245 x-103 | Support Services | 978-725-6920 |
| 978-794-3221 | Field Operations | 978-794-1858 |
| 978-794-3247 | Criminal Division | 978-794-3247 |
| 978-794-3245 ext. 104 or 105 | Communications Center | 978-794-1858 |

POLICE OFFICER'S FORMAL REPORT                  04/17/(0 12:24
METHUEN POLICE DEPARTMENT                              PAGE:  1
**************** PRELIM  DO NOT GIVE OUT *        !TYGAB01-79

:ase#:  37411

rpt date: 04/17/00 11:57          reported: MONDAY    04/17/(0 11:09
     ucr: 602  THREATS-TO-KILL

location: ▓▓▓▓▓▓▓▓▓▓              case status:  OPEN
     follow up by: None needed        rpt status: Preliminary
     officer:                      review officer:
:omp/vict notify: No               sup review officer:
:ir/involve type:
----------------------------------------------------------------
:omplaint: WALKIN TO LOBBY RPTS/DAUG/RECI THREATS/INTERNET
----------------------------------------------------------------
:eporting officer:  79 OFF T MCMENAMON    assignment: B      ca::: P88
     second officer:                  sup/back-up:
----------------------------------------------------------------

                        *** NAMES ***

                                            phone      dob        ss#
   type    mast#  name/add
   =======  =====  =========                =======  ========  ======
   VICTIM  007532  ▓▓▓▓▓▓▓▓▓▓                          01/11/8?
                           ▓▓▓▓▓  METHUEN MA 01844

                                                      04/03/5?
   REPORTING 007531 ▓▓▓▓▓▓▓▓▓▓                 METHUEN MA 01844

----------------------------------------------------------------

                        *** NARRATIVE ***
   ON THE ABOVE DATE AND TIME (R) ENTERED THAT STATION WITH (V) AND
   RELATED THAT ON SUNDAY 4/16/00 AT APPROX 2301 HRS (V) HAD RECEIVED
   AN EMAIL ON HER AMERICA ONLINE COMPUTER SERVICE. (V) HAD PRINTED
   THE MESSAGE(SEE ATTACHED) WHICH STATED THAT THEY HAD BEEN
   WATCHING (V) FOR YEARS AND IT WAS TIME TO MAKE THEIR MOVE.
   SUBJECT INFORMED (V) TO STAY INSIDE HER LOCKED HOUSE ALL WEEK OR
   HER NAME WILL BE IN THE OBITUARIES. SUBJECT STATED THAT SHE WILL
   BE GUTTED LIKE A FISH AND THAT SHE BETTER WATCH HER BACK OR THIS
   WILL BE HER LAST DAY ON THIS PLANET.
   SUBPOENA TO BE OBTAINED AT L.D.C. FOR AOL ACCOUNT INFO ON THE
   SUBJECT THAT SENT THE EMAIL.
----------------------------------------------------------------
CASE STATUS : OPEN (  )  SUSPENDED (  )  UNFOUNDED (  )  CLOSED (  )
CLOSED BY : ARREST MADE (  ) CRIM COMP APP (  ) ARR WARR APP (  )
REF FOR PRIV COMP (  )  REF TO OTHER AGENCY (  )
RESOLVED NO FURTHER ACTION REQUIRED (  )
OTHER: DOMESTIC (  ) CHILD ABUSE/NEGLECT (  ) HATE CRIME (  )
ALCOHOL (  ) DRUG/NARCOTICS (  ) GANG RELATED (  )
REPORTING OFF'S SIG. DATE/TIME    OIC SIGNATURE              DATE/TIME

   [signature]   4/17/00   (P88)

Subj:   Because I love you so much███████
Date:   4/16/00 11:01:03 PM Eastern Daylight Time
From:   MooMco868790043
To:  GrLsRuLe14

Ive been watching you for years and I think its time to make my move. you better lock your doors and windows and stay inside all week. or youll see your name in the obituaries in the news paper. and under the heeding██████████ it will read gutted like a fish.

you better watch your back or tommorrow might be your last day on this fuckin' planet

love always
murder

red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum  rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rumred rum red rum red rum

**EXHIBIT 4, Constable Declaration**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER P. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Docket No. 01 10981MLW |
| | ) |
| THOMAS McMENAMON, JR. | ) |
| | ) |
| and | ) |
| | ) |
| AMERICA ONLINE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF MARK CONSTABLE

I, Mark Constable, pursuant to 28 U.S.C. § 1746, do hereby declare the following:

1.    I am employed as a paralegal by the law firm of Krokidas & Bluestein, L.L.P., in Boston, Massachusetts.  I have been employed in that capacity since October, 1999.

2.    The statements and facts in this declaration are based on personal knowledge formed in my capacity as an employee of Krokidas & Bluestein.

3.    On the morning of July 20, 2001, I left the offices of Krokidas & Bluestein in Boston and traveled to the Criminal Division Clerk's Office of the Lawrence District Court, located in the Fenton Judicial Center, 2 Appleton Street, Lawrence, Massachusetts.

4.    Some time prior to my trip to the courthouse, I had telephoned the clerk's office and had learned that the files of criminal cases are a matter of public record and are available for public inspection.

5.      When I arrived at the Clerk's Office, I identified myself as a paralegal for a Boston law firm, and asked a representative of the clerk's office if I could review the criminal file in the case of *Commonwealth v. Walter P. Hughes*, No. 0018JT3828 (Mass. Dist. Ct. 2000).

6.      The clerk's office employee retrieved the criminal file and gave it to me, whereupon I commenced to review the documents in the file. I requested that the clerk make a copy of the file for me, which she did upon my payment of a fee for the copying. I then returned with my copy of the file to Krokidas & Bluestein in Boston.

7.      Among the documents in the copied file was what appeared to be a printout of an e-mail dated April 16, 2000 from "MooMoo868790043" to "GrLsRuLe14." This document appears in all relevant respects to be identical to the document located at Tab A of the Appendix to Defendant America Online, Inc.'s Memorandum in Support of Its Motion to Dismiss, filed with this Court on August 2, 2001.

8.      The document attached to this declaration as Exhibit A is a true and accurate representation of the April 16, 2000, e-mail contained in the Lawrence District Court file for *Commonwealth v. Hughes*, which I obtained on my visit on July 20, 2001, redacted only to remove the name of the victim.

9.      The Lawrence District Court file also contained a police report prepared by Officer McMenamon. That report reflects that Officer McMenamon had received a printout of the threatening email from the recipient at the time the recipient made her complaint to the police. A copy of that police report, taken from the Lawrence District Court criminal file and redacted only to remove the name of the recipient and her father, is attached hereto as Exhibit B.

2

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 6th day of November, 2001.

Mark Constable

1866\0001\106538.2

**EXHIBIT 4, Constable Declaration, Tab A**

Subj:    **Because i love you so much**
Date:    4/16/00 11:01:03 PM Eastern Daylight Time
From:    MooMoo868790043
To:      GrLsRuLe14

Ive been watching you for years and i think its time to make my move. you better lock your doors and windows and stay inside all week. or youll see your name in the obituaries in the news paper. and under the heading          it will read gutted like a fish.

you better watch your back or tommorrow might be your last day on this fuckin' planet

love always
murder

red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red  rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rum red rumred rum red rum red rum

**EXHIBIT 4, Constable Declaration, Tab B**

# Methuen Police Department
# Fax Transmittal

**90 Hampshire Street**
**Methuen MA 01844**
**Bruce A. MacDougall, Chief of Police**



To: America Online          ATN: Charles
   (520) 265 1933
From: OFF. Tom McMenamon Jr (P88)
     (978) 794-3241
Date: 4/17/00
Subject: Investigation

Pages: (Cover & _2_ pages)

Remarks:

| Telephone Numbers | | Fax Numbers |
|---|---|---|
| 978-794-3291 | Chief of Police | 978-975-7466 |
| 978-794-3245 x-103 | Support Services | 978-725-6920 |
| 978-794-3221 | Field Operations | 978-794-1858 |
| 978-794-3247 | Criminal Division | 978-794-3247 |
| 978-794-3245 ext. 104 or 105 | Communications Center | 978-794-1858 |

```
                    POLICE OFFICER'S FORMAL REPORT        04/17/00 12:24
                    METHUEN POLICE DEPARTMENT                    PAGE:  1
                    ************** PRELIM  DO NOT GIVE OUT *    TTYGAB01-79
 ase#:  37411

 rpt date: 04/17/00 11:57          reported: MONDAY       04/17/00 11:09
    ucr: 602  THREATS-TO KILL


 location:  ████████████              case status:  OPEN
    follow up by: None needed          rpt status: Preliminary
         officer:                    review officer:
                                   sup review officer:
 omp/vict notify: No
 ir/involve type:
```
------------------------------------------------------------------------
```
 omplaint: WALKIN TO LOBBY RPTS/DAUG/RECI THREATS/INTERNET
```
------------------------------------------------------------------------
```
 reporting officer:  79 OFF T McMENAMON       assignment: B      ca :: P88
    second officer:                        sup/back-up:
```
------------------------------------------------------------------------

```
                        *** NAMES ***
                                         phone      dob        ss#

   type   mast#   name/add                                   ========
   VICTIM 007532  ████████████                           01/11/87
                     █████████████  METHUEN MA 01844

                                                         04/03/5
 REPORTING 007531 ████████████
                     ███████████  METHUEN MA 01844
```
------------------------------------------------------------------------

```
                      *** NARRATIVE ***
   ON THE ABOVE DATE AND TIME (R) ENTERED THAT STATION WITH (V) AND
   RELATED THAT ON SUNDAY 4/16/00 AT APPROX 2301 HRS (V) RECEIVED
   AN EMAIL ON HER AMERICA ONLINE COMPUTER SERVICE. (V) HAD PRINTED
   THE MESSAGE(SEE ATTACHED) WHICH STATED THAT THEY HAD BEEN
   WATCHING (V) FOR YEARS AND IT WAS TIME TO MAKE THEIR MOVE.
   SUBJECT INFORMED (V) TO STAY INSIDE HER LOCKED HOUSE ALL WEEK OR
   HER NAME WILL BE IN THE OBITUARIES. SUBJECT STATED THAT SHE WILL
   BE GUTTED LIKE A FISH AND THAT SHE BETTER WATCH HER BACK OR THIS
   WILL BE HER LAST DAY ON THIS PLANET.
   SUBPOENA TO BE OBTAINED AT L.D.C. FOR AOL ACCOUNT INFO ON THE
   SUBJECT THAT SENT THE EMAIL.
```
------------------------------------------------------------------------
```
 CASE STATUS : OPEN ( )  SUSPENDED ( )   UNFOUNDED ( ) CLOSED ( )
 CLOSED BY : ARREST MADE ( ) CRIM COMP APP ( ) ARR WARR APP ( )
 REF FOR PRIV COMP ( )  REF TO OTHER AGENCY ( )
 RESOLVED NO FURTHER ACTION REQUIRED ( )
 OTHER: DOMESTIC ( ) CHILD ABUSE/NEGLECT ( ) HATE CRIME ( )
 ALCOHOL ( ) DRUG/NARCOTICS ( ) GANG RELATED ( )
 REPORTING OFF'S SIG., DATE/TIME    OIC SIGNATURE          DATE/TIME
```

        [signature]      4/7/00    (P88)