**EXHIBIT 5**

04/02/2002 12:37 FAX 202 663 6363    WCP                                    ☑004/007
APR. 2.2002 12:33PM                                               NO.374    P.4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER P. HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS McMENAMON, JR. )<br>)<br>and )<br>)<br>AMERICA ONLINE, INC., )<br>)<br>Defendants. ) | Civil Docket No. 01 10981MLW |

### DEFENDANT AMERICA ONLINE, INC.'S MOTION TO DISMISS

Defendant America Online, Inc., by counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss all of Plaintiff's claims against it for failure to state a claim upon which relief can be granted. The reasons requiring dismissal are set forth in the accompanying Memorandum and Appendix, which are incorporated by reference.

Respectfully submitted,

Of Counsel:
Laura A. Heymann
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

MAR 2 9 2002

Patrick J. Carome
B.B.O. #542808
David W. Ogden
Neil M. Richards
WILMER, CUTLER & PICKERING
2445 M Street NW
Washington, DC 20037
Phone: (202) 663-6000
Fax: (202) 663-6363

1

04/02/2002 12:37 FAX 202 663 6363    WCP                                    ☒005/007
APR. 2.2002  12:33PM                                                  NO.374  P.5

# United States District Court
## District of Massachusetts

WALTER P. HUGHES,
   Plaintiff,

V.                                              CIVIL ACTION NO. 2001-10981-RBC

THOMAS McMENAMON, JR.,
AMERICA ONLINE, INC.,
   Defendants.

## ORDER DEFENDANT AMERICA ONLINE, INC.'S MOTION TO DISMISS (#9)

COLLINGS, U.S.M.J.

Defendant America Online, Inc. ("America Online") has moved to dismiss the claims against it on the basis that the agreement between it and its subscriber, plaintiff Walter P. Hughes ("Hughes"), contains a forum selection clause which, according to America Online, requires that the claims against it be brought in the courts of Virginia. *See* Appendix, Etc. (#10) at Exh. B, p. 4. Hughes' only response to that portion of the motion which seeks to enforce the forum selection clause is that the materials submitted in support of the motion, including the document which America Online considers to be the contract, are not authenticated. *See* #14.

Although it is true that the First Circuit has held that a motion to dismiss based on a forum selection clause is brought pursuant to Rule 12(b)(6), Fed. R. Civ. P. *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 387 (1 Cir., 2001), a condition of that holding has to be that there is either agreement or proof that a contract exists between the parties and that the contract contains the clause which is sought to be enforced.[1] In my judgment, when an opposition to such a motion to dismiss challenges the authenticity of what the moving party avers is the contract between the parties, it is incumbent on the moving party to file submissions which meet the requirements of Rule 56(e), Fed. R. Civ. P., which establish that there exists a contract between the parties which contains the clause and that the particular document proferred is, in fact, that contract.

Further, in my judgment, if a party seeks to enforce a forum selection clause, the validity of that clause should be determined first. Therefore, until the issue of whether there is a forum selection clause and, if so, whether it will be enforced is determined, the Court does not intend to rule on the other bases upon which dismissal is sought.

---

[1] In the *Silva* case, that there was a contract which contained the clause does not appear to have been in dispute.

2

Accordingly, it is ORDERED that Defendant America Online, Inc.'s Motion to Dismiss (#9) be, and the same hereby is, DENIED without prejudice to filing a motion to for summary judgment based on the forum selection clause which is accompanied by materials in the form prescribed by Rule 56(e), Fed. R. Civ. P., which establish the existence of a contract between the parties which contains a forum selection clause and authenticates the particular written document which is the contract. The plaintiff may reply within the time provided in the Local Rules.

/s/ ROBERT B. COLLINGS
ROBERT B. COLLINGS
United States Magistrate Judge

March 29, 2002.