**EXHIBIT 8**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2002 NOV 19 P 4: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| WALTER P. HUGHES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS McMENAMON, JR. )<br>)<br>and )<br>)<br>AMERICA ONLINE, INC., )<br>)<br>Defendants. )<br>) | Civil Docket No. 01-10981-RBC |

### DEFENDANT AMERICA ONLINE'S REPONSE
### TO PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT

Plaintiff Walter P. Hughes' "Rule 60(b) Motion to Set Aside Judgment Against Plaintiff" ("Hughes' Motion") is a meritless and untimely attempt to revive his frivolous lawsuit against Defendant America Online, Inc. ("AOL"), which this Court dismissed almost six months ago for failure to state a claim upon which it could grant relief. (*See* May 28, 2002 Order). Having waived his right to ask this Court to reconsider its order of dismissal, Hughes now asks this Court for the extraordinary remedy of setting aside the judgment. AOL respectfully submits that this nuisance motion is frivolous and should be denied.

As has often been true in this matter, Hughes' arguments are very hard to follow. He seems to allege that AOL committed fraud on the court when it "knowingly offered this Court false evidence in support of its . . . Motion to Dismiss filed on August 2, 2001." (Hughes Motion at 2.) Critically, however, Hughes does not dispute — nor has he ever disputed — that at all

1

times relevant to his claims he was an AOL subscriber who agreed to litigate his claims against AOL only in the Commonwealth of Virginia. This Court accepted this fact in its May 28 Order, treated the forum selection clause between the parties as part of the pleadings, and dismissed Hughes' Complaint for failure to state a claim. (May 28 Order, at 5-8.) Hughes offers no reason to revisit this ruling.

Hughes' Motion should be denied for two independent reasons — first, because it is untimely, and second, because it is entirely without merit. With respect to timeliness, any motion made pursuant to Rule 60(b) "shall be made within a reasonable time," and should be deemed untimely if it is filed after a "reasonable time" has elapsed. *See* Fed R. Civ. P. 60(b); Wright, Miller, and Cooper, *Federal Practice and Procedure: Civil 2d* § 2866 (1995 & supp.) n.14 (collecting cases). Hughes complains of AOL submissions made on August 2, 2001 — more than a year ago. For more than a year, he has completely failed to respond to AOL's arguments concerning the forum selection clause, and for more than five months, he has not challenged or otherwise responded to the order dismissing his claims on that basis. Accordingly, AOL respectfully asserts that Hughes has waited far more than a "reasonable time" under the circumstances. *See, e.g., Central Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974) (delay of four months before filing Rule 60(b) motions "inexcusable dereliction" where movants provided no satisfactory explanation for the delay).

Hughes' Motion should also be denied as utterly meritless. "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000). The First Circuit has held that such relief should be granted only where the moving party can demonstrate both "clear and convincing evidence that the claimed fraud or misconduct occurred," *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir.

2002), and that the demonstrated misconduct "substantially interfered with" the party's substantial ability to fully and fairly prepare and present his case, *see id.*; *see also Anderson v. Cryovac*, 862 F.2d 910, 923 (1st Cir. 1988). Hughes' Motion meets neither of these requirements.

Hughes has not demonstrated any fraud in this case, much less by clear and convicing evidence. His brief fails to identify a single fraudulent act. The closest Hughes comes is his convoluted argument that AOL's averments with respect to the threat e-mail sent from his account have been inconsistent. (Hughes Brief at 7-8.) In fact, all of AOL's statements were entirely truthful, and there was no inconsistency. AOL has informed the Court that Officer McMenamon sent AOL a printout of an e-mail sent from Hughes' account on April 17, 2000, and that this printout provided AOL with sufficient justification for releasing Hughes' subscriber information to the police. (*See, e.g,* Memorandum in Support of Defendant AOL's Motion to Dismiss, July 31, 2001, at 3; Memorandum in Support of Defendant AOL's Motion for Summary Judgment on the Forum Selection Clause, April 16, 2002, at 3.[*]) There is neither contradiction nor fraud. Moreover, the issue is completely immaterial, because it has nothing to do with the forum selection clause. Thus, Hughes' complaints are wholly unrelated to the ground on which this Court dismissed the case against AOL as a matter of law, and thus cannot be a basis for reopening this case. *See, e.g., U.S. v. Parcel of Land*, 958 F.2d 1, 5 (1st Cir. 1992) (misstatements of fact that are inconsequential to a dispositive issue do not warrant reversal of a judgment under Rule 60(b)(3)).

---

[*]  AOL has also maintained all along that the copy of this e-mail contained in the court records of Hughes' criminal prosecution is identical to the e-mail printout AOL received from McMenamon. (Memorandum in Support of Defendant AOL's Motion to Dismiss, July 31, 2001, at 3 & n.2.)

3

For the reasons set forth above, AOL respectfully requests that Hughes' Motion to Set Aside the Judgment be denied.

Respectfully submitted,

*/s/ Patrick J. Carome*

Patrick J. Carome
B.B.O. #542808
David W. Ogden
Neil M. Richards
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037-1420
Phone: (202) 663-6000
Fax: (202) 663-6363

Of Counsel:
Laura A. Heymann
America Online, Inc.
22000 AOL Way
Dulles, Virginia 20166-9323

*/s/ Paul Holtzman*

Paul Holtzman
KROKIDAS & BLUESTEIN LLP
B.B.O. # 563184
141 Tremont Street
Boston, MA 02111
Phone: (617) 482-7211
Fax: (617) 482-7212

November 19, 2002

Attorneys for Defendant America Online, Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing Opposition to Plaintiff's Motion to Set Aside the Judgment was served on the following counsel of record via first class United States mail, postage prepaid, this 19th day of November, 2002:

Walter P. Hughes
13 Lockway Road
Andover, Massachusetts 01810
Plaintiff Appearing *pro se*

Joseph L. Tehan, Jr., Esq.
Katharine I. Goree, Esq.
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, Massachusetts 02116
Counsel for Defendant McMenamon

Maurice J. Lariviere, Jr., Esq.
41 Pleasant Street
Suite 311
Methuen, Massachusetts 01844
Counsel for Defendant McMenamon

_____
Paul Holtzman