**EXHIBIT 10**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MASSACHUSETTS
1 COURTHOUSE WAY
BOSTON MASSACHUSETTS

Walter P. Hughes,

        Plaintiff,

   vs.

Robert B Collings                         CIVIL ACTION NO.

Wilmer, Cutler & Pickering, LLP

Krokidas & Bluestein, LLP            COMPLAINT

Kopelman and Paige, PC

Patrick J. Carome

David W. Ogden                   JURY TRIAL DEMANDED

Paul Holtzman

Katherine Goree Doyle

Joseph L. Tehran, Jr., Esq.

        Defendants

## BACKGROUND

1. This action arises from Civil Action no. 01-10981 ("CA 01-10981") filed in Federal District Court for Massachusetts on June 8, 2001.

2. Your Plaintiff in this action is also Plaintiff in CA 01-10981.

3. None of the Defendants in this action are defendants in CA 01-01981.

4. America Online, Inc.("AOL") is an internet service provider who provided e-mail service to Plaintiff from September 26, 1998 until November 24, 2000 under terms set forth in AOL's subscriber agreement.

11. Defendant Robert B. Collings ("RBC") is a a Magistrate Judge employed by the U.S. Government to preside over civil actions heard in U.S. District Court for Massachusetts, 1 Courthouse Way, Boston, MA 02210.

12. Defendant Wilmer, Cutler & Pickering, LLP ("WCP") is a law partnership with its principal place of business at 2445 M Street, N. W. Washington, D.C. 20037, at relevant times, acting alone or in concert with others, WCP participated directly in, or has had authority to control the acts and practices of other defendants, including the acts and practices set forth in this Complaint.

13. Defendant Krokidas & Bluestein L.L.P. ("K&B") is a law partnership with its principal place of business at 141 Tremont Street, Boston, MA 02111, at relevant times, acting alone or in concert with others, K&B participated directly in, or has had authority to control the acts and practices of other defendants, including the acts and practices set forth in this Complaint.

14. Defendant Kopelman and Paige, P.C.,("K&P") is a law partnership with its principal place of business at 31 St. James Avenue, Boston, Massachusetts 02116, at relevant times, acting alone or in concert with others, K&B participated directly in, or has had authority to control the acts and practices of other defendants, including the acts and practices set forth in this Complaint.

15. Defendant Attorney Patrick J. Carome ("PJC") who at relevant times represented AOL as a lawyer in CA 01-10981is employed by WCP.

16. Defendant Attorney David W. Ogden ("DWO") who at relevant times represented AOL as a lawyer in CA 01-10981 is employed by WCP.

17. Defendant Attorney Paul Holtzman ("PH") who at relevant times represented AOL as an Officer Of the Court in CA 01-10981 is employed by K&B.

18. Defendant Attorney Katherine Goree Doyle ("KGD") who at relevant times represented MCM as a lawyer in CA 01-10981 is employed by K&P.

19. Defendant Attorney Joseph L Tehran, Jr, Esq ("JLT") who at relevant times represented MCM as a lawyer in CA 01-10981 is employed by K&P.

20. Hereinafter all persons who represented AOL as lawyers in CA 01-10981 will be referred to jointly and severally as "ATTY4AOL".

21. Hereinafter all persons who represented MCM lawyers in CA 01-10981 will be referred to jointly and severally as "ATTY4MCM".

## DEFINITIONS[1]

22. Mailbox: An area in memory or on a storage device where e-mail is placed. In e-mail systems, each user has a private mailbox. When the user receives e-mail, the mail system automatically puts it in the mailbox.

The mail system allows you to scan mail that is in your mailbox, copy it to a file, delete it, print it, or forward it to another user. If you want to save mail, it is a good idea to copy it to a file, because files tend to be more stable than mailboxes.

23. E-mail address: A name that identifies an electronic post office box on a network where e-mail can be sent. Different types of networks have different formats for e-mail addresses. On the Internet, all e-mail addresses have the form:

- @<domain name >

For example:   • webmaster@sandybay.com

---

[1] http://www.webopedia.com

4

Every user on the Internet has a unique e-mail address.

24. Fax machine:  Abbreviation of *facsimile machine*, a fax machine is a device that can send or receive pictures and text over a telephone line. Fax machines work by digitizing an image -- dividing it into a grid of dots. Each dot is either on or off, depending on whether it is black or white. Electronically, each dot is represented by a bit that has a value of either 0 (off) or 1 (on). In this way, the fax machine translates a picture into a series of zeros and ones (called a bit map) that can be transmitted like normal computer data. On the receiving side, a fax machine reads the incoming data, translates the zeros and ones back into dots, and reprints the picture.

25. Fax: (v) To send a document via a fax machine.

(n) (1) A document that has been sent, or is about to be sent, via a fax machine.   (2) Short for Facsimile machine.

## INTRODUCTION

26. The essence of Plaintiff's Complaint in the instant case is that one or more lawyers, in their capacity as Officers of the Court in CA 01-10981, acting jointly and severally committed fraud and fraud upon the Court; in the course of which the federal judicial system was compromised; Plaintiff was damaged in his person and his property and deprived of due process rights guaranteed under the United States Constitution.

27. The genesis of the fraud in the instant case is a public record offered at Exhibit A of AOL's CA 01-10981 Memorandum in Support of Its Motion to Dismiss as evidence to prove e-mail printed out from an AOL member's mailbox.

5

28. An element of the fraud is that ATTY4AOL failed to disclose the odyssey of the Exhibit A document that first began when MCM faxed it as a document, alleged to accurately reflect e-mail printed out from data in an AOL member's mailbox, to AOL; second, AOL saved the fax in a file; third, AOL produced the fax, in response to an MCM summons, to the TCM together with information AOL disclosed from Plaintiff's subscriber account information to falsely identify him as its author; fourth, ATTY4AOL sent a paralegal to the TCM to fetch a copy of the fax from the TCM file; fifth, ATTY4AOL offered a copy of the fax as evidence to prove an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time.

29. ATTY4AOL subsequently offered the CA 01-10981 Court clear and convincing evidence to prove that the Exhibit A fax does not reflect that an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time that was put there by AOL.

30. The CA 01-10981 record does not reflect that the Exhibit A fax accurately reflects a printout made from data stored in an electronic mailbox on April 16, 2000 at 11:01:03 eastern daylight time.

**FACTS**

31. On August 2, 2001 ATTY4AOL filed a Motion to Dismiss on behalf of AOL in which ATTY4AOL falsely alleged, among other things, that Plaintiff sent an alleged e-mail printout offered in evidence at Exhibit A of AOL's Memorandum in Support of Its Motion to Dismiss; a printout that reflects a threat to commit murder that states in part, "you better lock your doors and windows and stay inside all week or

6

you'll see your name in the obituaries"; an alleged circumstance that presumptively immunized AOL from the legal consequences of AOL's disclosure of Plaintiff's customer account information to a governmental entity without a warrant in violation of Federal Law.

32. RBC replaced Judge Mark L. Wolf as presiding judge in CA 01-10981 on or about March 19, 2002.

33. On March 28, 2002 RBC knew or with reasonable investigation would have known that ATTY4AOL filed AOL's Motion to Dismiss on August 2, 2001 knowing it is fraudulent on its face.

34. On March 28, 2002 RBC denied AOL's Motion to Dismiss without prejudice to ATTY4AOL filing a motion for summary judgment in its place.

35. On April 17, 2002 ATTY4AOL replaced AOL's fraudulent Motion to Dismiss based on a forum selection clause with the RBC directed Motion for Summary Judgment Based on the Forum Selection Clause.

36. On May 28, 2002 RBC unsurprisingly ordered judgment in favor of AOL's Motion for Summary Judgment Based on the Forum Selection Clause.

37. On November 25, 2002 RBC summarily denied Plaintiff's Rule 60(b)(3) motion that, by definition, offers the Court evidence of fraud committed by one or more officers of the Court..

43. The lawyers representing AOL, shown in paragraphs eleven through seventeen and lawyers representing MCM, shown in paragraphs eighteen through twenty-one, committed fraud and fraud upon the court each time they jointly and

7

severally filed a pleading without reporting known reliable evidence of the likelihood of unprofessional conduct on the part of a lawyer to proper authority.

44. RBC committed fraud and fraud upon the court each time he endorsed AOL's fraudulent Motion to Dismiss filed on August 2, 2001 without reporting known reliable evidence of the likelihood of unprofessional conduct on the part of a lawyer to proper authority.

45. Elements of fraud and fraud upon the court are:

    a. a misrepresentation by an officer of the court;

    b. that is directed at the "judicial machinery" itself,

    c. that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth;

    d. that is a positive averment or is concealment when one is under a duty to disclose;

    e. that deceives the court;

    f. a false representation of a material fact, made intentionally and knowingly, with intent to mislead;

    g. reliance by the party misled;

    h. and resulting damage to the misled party.

**COUNT 1: 1ST CLAIM FOR FRAUD AND FRAUD UPON THE COURT COMMITTED BY ATTY4AOL**

46. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

47. On or about August 2, 2001 ATTY4AOL used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to

8

deceive the Court and damage Plaintiff in his person and his property and deprive
him of due process rights guaranteed under the United States Constitution.

48. As a proximate result of ATTY4AOL's knowing and intentional deceit Plaintiff
suffered loss of reputation; loss of property; suffered from anxiety; a feeling of
hopelessness; loss of trust; loss of confidence in and betrayal by the justice
system; shock and emotional scarring; despair at seeing ATTY4AOL unjustly
enriched at his expense; deprivation of due process rights guaranteed by the
United States Constitution; and other damages.

49. WHEREFORE plaintiff demands judgment against defendant ATTY4AOL, in
the form of an injunction requiring defendant ATTY4AOL to take all steps
necessary to restore Plaintiff's good name and reputation; in the form of general
damages, according to proof at trial; for punitive damages, according to proof at
trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages,
according to proof at trial; for all other damages permitted by law, according to
proof at trial; for costs of court; for all other costs and expenses permitted by law;
and for all other further relief that the court deems just and proper.

## COUNT 2: 2ND CLAIM FOR FRAUD AND FRAUD UPON THE COURT COMMITTED BY ATTY4AOL

50. Plaintiff repeats and realleges and incorporates by reference the allegations in
paragraphs 1 through 45 with the same force and effect as herein set forth.

51. On or about August 2, 2001 ATTY4AOL used the mails in violation of 18
U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to
deceive the Court and damage Plaintiff in his person and his property and deprive
him of due process rights guaranteed under the United States Constitution.

9

52. As a proximate result of ATTY4AOL's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4AOL unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

53. WHEREFORE plaintiff demands judgment against defendant ATTY4AOL, in the form of an injunction requiring defendant ATTY4AOL to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 3: 1ST CLAIM FOR FRAUD UPON THE COURT COMMITTED BY ATTY4MCM

54. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

55. On or about November 7, 2001 ATTY4MCM used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

56. As a proximate result of ATTY4MCM's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of

10

hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4MCM unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

57. WHEREFORE plaintiff demands judgment against defendant ATTY4MCM, in the form of an injunction requiring defendant ATTY4MCM to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper

## COUNT 4:  2ND  CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY ATTY4MCM

58. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

59. On or about November 29, 2001 ATTYMCM used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

60. As a proximate result of ATTY4MCM's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4MCM unjustly

11

enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

61. WHEREFORE plaintiff demands judgment against defendant ATTY4MCM, in the form of an injunction requiring defendant ATTY4MCM to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper

## COUNT 5: 1ST CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY RBC

62. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

63. On or about March 29, 2002 RBC used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

64. As a proximate result of RBC's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing RBC unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

12

65. WHEREFORE plaintiff demands judgment against defendant RBC, in the form of an injunction requiring defendant RBC to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 6: 3RD CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY ATTY4AOL

66. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

67. On or about April 17, 2002 ATTY4AOL used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

68. As a proximate result of ATTY4AOL's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4AOL unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

69. WHEREFORE plaintiff demands judgment against defendant ATTY4AOL, in the form of an injunction requiring defendant ATTY4AOL to take all steps

necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 7:  2ND CLAIM OF FRAUD AND  FRAUD UPON THE COURT COMMITTED BY  RBC

70. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

71. On or about May 28, 2002 RBC used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

72. As a proximate result of RBC's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing RBC unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

73. WHEREFORE plaintiff demands judgment against defendant RBC, in the form of an injunction requiring defendant RBC to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages

14

in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 8: 3RD CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY RBC

74. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

75. On or about November 25, 2002 RBC used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

76. As a proximate result of RBC's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing RBC unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

77. WHEREFORE plaintiff demands judgment against defendant RBC, in the form of an injunction requiring defendant RBC to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of

15

court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 9:  4TH CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY ATTY4AOL

78. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

79. On or about December 23, 2002 ATTY4AOL used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

80. As a proximate result of ATTY4AOL's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4AOL unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

81. WHEREFORE plaintiff demands judgment against defendant ATTY4AOL, in the form of an injunction requiring defendant ATTY4AOL to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

16

## COUNT 10:  3RD CLAIM OF FRAUD AND  FRAUD UPON THE COURT COMMITTED BY ATTY4MCM

82. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

83. On or about March 23, 2003 ATTYMCM used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

84. As a proximate result of ATTY4MCM's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing ATTY4MCM unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

85. WHEREFORE plaintiff demands judgment against defendant ATTY4MCM, in the form of an injunction requiring defendant ATTY4MCM to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

17

## COUNT 11: 4TH CLAIM OF FRAUD AND FRAUD UPON THE COURT COMMITTED BY RBC

86. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 with the same force and effect as herein set forth.

87. On or about April 4, 2003 RBC used the mails in violation of 18 U.S.C. § 1341 to commit one or more acts of fraud listed in paragraph 45 to deceive the Court and damage Plaintiff in his person and his property and deprive him of due process rights guaranteed under the United States Constitution.

88. As a proximate result of RBC's knowing and intentional deceit Plaintiff suffered loss of reputation; loss of property; suffered from anxiety; a feeling of hopelessness; loss of trust; loss of confidence in and betrayal by the justice system; shock and emotional scarring; despair at seeing RBC unjustly enriched at his expense; deprivation of due process rights guaranteed by the United States Constitution; and other damages.

89. WHEREFORE plaintiff demands judgment  defendant RBC, in the form of an injunction requiring defendant RBC to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages, according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages, according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

18

## COUNT 12: R.I.C.O. CLAIM UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT COMMITTED BY ATTY4AOL, ATTY4MCM, AND RBC
### (18 UNITED STATES CODE SECTION 1962 (c), and (d))

90. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 89 above with the same force and effect as herein set forth.

91. The Federal District Court for Massachusetts is an enterprise with the meaning of 18 U.S.C. Section 1961(4).

92. Each of the Defendants in this action are persons within the meaning of the RICO act in that they are employed by and/or are affiliated as officer of The Federal District Court for Massachusetts.

93. The Defendants named in paragraphs 11 through 21 above are engaged in a patter of racketeering activity, as alleged in paragraphs 45 through 89 in violation of title 18, United States Code, Sections 1962(c).

94. The Defendants named in Paragraphs 11 through 21 above, have unlawfully, knowingly and intentionally acquired and maintained, directly and indirectly, an interest in and control of the aforementioned enterprise through a pattern of racketeering activity through the manner and means set forth in paragraphs 45 through 89.

95. WHEREFORE plaintiff demands judgment against all defendants, in the form of an injunction requiring all defendants to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of

court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 13:  CLAIM FOR ABUSE OF PROCESS COMMITTED BY ALL DEFENDANTS

96. Plaintiff repeats and realleges paragraphs 1 through 95 and incorporates said paragraphs as though fully set forth herein.

97. Beginning on or about August 2, 2001 and continuing to the current date the defendants in this action jointly and severally filed pleadings in CA 01-10981 as enumerated above with knowledge that those pleadings reflect or support allegations without proof that Plaintiff committed a criminal act, to wit:  threatened to commit a crime.

98. These pleadings were offered to the Court with malicious intent to destroy Plaintiff's reputation and credibility; prolong final judgment; and extort unwarranted costs needed for Plaintiff to receive fair and equitable treatment from the Court under the law.

99. WHEREFORE:  plaintiff demands judgment against all defendants, in the form of an injunction requiring all defendants to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 14:  CLAIM FOR DEFAMATION COMMITTED BY ATTY4AOL

100.   Plaintiff repeats and realleges paragraphs 1 through 95 and incorporates said paragraphs as though fully set forth herein.

101.   Defendant ATTY4AOL made one or more written statements, which were intended to impeach Plaintiff's character, integrity, name. or reputation.

102.   The defamatory statements portray Plaintiff to the world and the Court as a potential murderer.

103.   Plaintiff is not a public figure.

104.   The smear on Plaintiff's good name defamed Plaintiff.

105.   The defamatory statements resulted in liability to Plaintiff.

106.   WHEREFORE plaintiff demands judgment against defendant ATTY4AOL, in the form of an injunction requiring defendant ATTY4AOL to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 15: CLAIM FOR DEFAMATION COMMITTED BY ATTY4MCM

107.   Plaintiff repeats and realleges paragraphs 1 through 95 and incorporates said paragraphs as though fully set forth herein.

108.   Defendant ATTY4MCM made one or more written statements, which were intended to impeach Plaintiff's character, integrity, name. or reputation.

21

109.   The defamatory statements portray Plaintiff to the world and the Court as a potential murderer.

110.   Plaintiff is not a public figure.

111.   The smear on Plaintiff's good name defamed Plaintiff.

112.   The defamatory statements resulted in liability to Plaintiff.

113.   WHEREFORE plaintiff demands judgment against defendant ATTY4MCM, in the form of an injunction requiring defendant ATTY4MCM to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 16: CLAIM FOR DEFAMATION COMMITTED BY RBC

114.   Plaintiff repeats and realleges paragraphs 1 through 95 and incorporates said paragraphs as though fully set forth herein.

115.   Defendant RBC made one or more written statements, which were intended to impeach Plaintiff's character, integrity, name, or reputation.

116.   The defamatory statements portray Plaintiff to the world and the Court as a potential murderer.

117.   Plaintiff is not a public figure.

118.   The smear on Plaintiff's good name defamed Plaintiff

119.   The defamatory statements resulted in liability to Plaintiff.

22

120.    WHEREFORE plaintiff demands judgment against defendant RBC, in the form of an injunction requiring defendant RBC to take all steps necessary to restore Plaintiff's good name and reputation; in the form of general damages, according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00; for actual damages according to proof at trial; for all other damages permitted by law, according to proof at trial; for costs of court; for all other costs and expenses permitted by law; and for all other further relief that the court deems just and proper.

## COUNT 17:  CLAIM FOR DEPRIVATION OF DUE PROCESS RIGHTS COMMITTED BY ATTY4AOL, ATTY4MCM, AND RBC

121.    Plaintiff repeats and realleges paragraphs 1 through 94 and incorporates said paragraphs as though fully set forth herein.

122.    The deceit as set out in this Complaint against ATTY4AOL, ATTY4MCM, AND RBC violate Plaintiffs' rights to equal protection and due process as provided by the Fifth Amendment to the United States Constitution.

123.    WHEREFORE, PLAINTIFF demands judgment against ATTY4AOL, ATTY4MCM, AND RBC and each of them in the form of general damages according to proof at trial; in the form of presumed damages according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00); for costs of court; for all other damages allowable by law; and for all other relief that the court deems just and proper.

## COUNT 18: CLAIM FOR CONSPIRACY TO DECEIVE THE COURT AND DEPRIVE PLAINTIFF OF HIS PROPERTY AND DUE PROCESS RIGHTS COMMITTED BY ATTY4AOL, ATTY4MCM, AND RBC

124.   Plaintiff repeats and realleges paragraphs 1 through 95 and incorporates said paragraphs as though fully set forth herein.

125.   ATTY4AOL, ATTY4MCM, AND RBC conspired to violate Plaintiff's rights to equal protection and due process as provided by the Fifth Amendment to the United States Constitution by deceit as set out in this Complaint.

126.   WHEREFORE, PLAINTIFF demands judgment against ATTY4AOL, ATTY4MCM, AND RBC and each of them in the form of general damages according to proof at trial; in the form of presumed damages according to proof at trial; for punitive damages according to proof at trial; for nominal damages in the amount of One Dollar ($1.00); for costs of court; for all other damages allowable by law; and for all other relief that the court deems just and proper.

## COUNT 19: CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COMMITTED BY ATTY4AOL

127.   Plaintiff repeats and realleges paragraphs 1 through 126 and incorporates said paragraphs as though fully set forth herein.

128.   As a result of the outrageous conduct of ATTY4AOL, who alleged without proof that Plaintiff threatened to commit murder; committed fraud upon the Court; committed fraud against Plaintiff; deprived Plaintiff of his property and due process rights; and committed abuse of process; Plaintiff suffered emotional distress.

129.   Said emotional distress was intentionally and deliberately inflicted, thereby destroying Plaintiff's trust in the judicial system.

24

130.   The conduct of ATTY4AOL was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community.

131.   The actions by ATTY4AOL were the cause of Plaintiff's distress.

132.   Plaintiff is a reasonable man.

133.   The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

134.   As a result of the extreme and outrageous conduct of ATTY4AOL, Plaintiff has suffered and with a high degree of likelihood, will continue to suffer mental pain and anguish, embarrassment, humiliation that he was so betrayed by the judicial system, and severe emotional trauma.

135.   WHEREFORE, Plaintiff demands Judgment, including interest, against ATTY4AOL, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000, plus the costs of this action, and such other relief deemed to be just, fair, and appropriate.

## COUNT 20:  CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COMMITTED BY ATTY4MCM

136.   Plaintiff repeats and realleges paragraphs 1 through 126 and incorporates said paragraphs as though fully set forth herein.

137.   As a result of the outrageous conduct of ATTY4MCM, who alleged without proof that Plaintiff threatened to commit murder; committed fraud upon the Court; committed fraud against Plaintiff; deprived Plaintiff of his property and due process rights; and committed abuse of process; Plaintiff suffered emotional distress.

138.   Said emotional distress was intentionally and deliberately inflicted, thereby destroying Plaintiff's trust in the judicial system.

25

JUN.17.2003    3:02PM                                                    NO.035    P.28/33

139.   The conduct of ATTY4MCM was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community.

140.   The actions by ATTY4MCM were the cause of Plaintiff's distress.

141.   Plaintiff is a reasonable man.

142.   The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

143.   As a result of the extreme and outrageous conduct of ATTY4MCM, Plaintiff has suffered and with a high degree of likelihood, will continue to suffer mental pain and anguish, embarrassment, humiliation that he was so betrayed by the judicial system, and severe emotional trauma.

144.   WHEREFORE, Plaintiff demands Judgment, including interest, against ATTY4MCM, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000, plus the costs of this action, and such other relief deemed to be just, fair, and appropriate.

## COUNT 21:  CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COMMITTED BY RBC

145.   Plaintiff repeats and realleges paragraphs 1 through 126 and incorporates said paragraphs as though fully set forth herein.

146.   As a result of the outrageous conduct of RBC, who failed his legal duty to appear impartial; failed his duty to report reliable evidence indicating the likelihood of unprofessional conduct on the part of a lawyer; committed fraud upon the Court as alleged; deprived Plaintiff of his property and due process rights as alleged; committed abuse of process as alleged; Plaintiff suffered emotional distress.

26

147. RBC deliberately inflicted emotional distress on Plaintiff by interfering with his civil rights as alleged.

148. Said emotional distress was intentionally and deliberately inflicted, thereby destroying Plaintiff's trust in the judicial system.

149. The conduct of RBC was extreme and outrageous, beyond all bounds of decency and utterly intolerable in a civilized community.

150. The actions by RBC were the cause of Plaintiff's distress.

151. Plaintiff is a reasonable man.

152. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

153. As a result of the extreme and outrageous conduct of RBC, Plaintiff has suffered and with a high degree of likelihood, will continue to suffer mental pain and anguish, embarrassment, humiliation that he was so betrayed by the judicial system, and severe emotional trauma.

154. WHEREFORE, Plaintiff demands Judgment, including interest, against RBC, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000, plus the costs of this action, and such other relief deemed to be just, fair, and appropriate.

155. WHEREFORE Plaintiff prays judgment against the defendants.

JUN.17.2003   3:03PM

156.   PLAINTIFF DEMANDS A TRIAL BY JURY.

WALTER P. HUGHES
PRO SE
13 Lockway Road
Andover, MA 01810
(978) 475-8547

## VERIFICATION

I hereby certify under penalty of perjury that I am the Plaintiff in the above captioned case; that I have read the foregoing Complaint; and, that the facts related therein are true and correct to the best of my knowledge, information, and belief.

Dated:   June 12, 2003

Walter Hughes
13 Lockway Road
Andover, MA 01810

28