UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER P. HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Docket No. 04 11662NMG |
| ) | |
| THOMAS McMENAMON, JR. ) | |
| ) | |
| and ) | |
| ) | |
| AMERICA ONLINE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT AMERICA ONLINE, INC.'S
MOTION FOR SANCTIONS UNDER RULE 11**

Defendant America Online, Inc. ("AOL") hereby moves for the imposition of sanctions against *pro se* Plaintiff Walter P. Hughes pursuant to Fed. R. Civ. P. 11 because Hughes has repeatedly subjected AOL to the relitigation of frivolous and false claims relating to the manner in which AOL conducted its successful defense in this Court of an earlier lawsuit that Hughes filed against AOL and Methuen police officer Thomas McMenamon, Jr. in 2001. AOL refrained from seeking relief on two occasions in which Hughes presented his frivolous allegations, first in the guise of a Rule 60 motion in the original case, and then in a separate lawsuit against AOL's lawyers and a Magistrate Judge of this Court — proceedings which themselves have spawned three separate appeals by Hughes, two of which are now pending before the First Circuit. Hughes's latest filing of a *third* lawsuit rehashing the very same allegations, however, demonstrates that relief under Rule 11 is appropriate to put an end to this unwarranted expense and burden.

After this Court granted summary judgment for AOL in Hughes' first lawsuit on the basis of the forum selection clause in AOL's standard subscriber contract, Hughes sought to reopen the litigation through a Fed. R. Civ. P. 60(b)(3) motion that asserted vague, conclusory, and completely unfounded allegations that AOL and its attorneys had committed fraud by allegedly misrepresenting the origins of a printout of an e-mail that was attached as an exhibit to AOL's earlier motion to dismiss. Magistrate Judge Collings properly rejected these specious allegations and denied Hughes' motion. Rather than accept that ruling, Hughes, again proceeding *pro se*, sought to relitigate his failed motion by bringing a new suit against AOL's attorneys in that case, as well as Judge Collings and the attorneys representing AOL's co-defendant. In that action, Hughes alleged that the attorneys and Judge Collings had all somehow conspired with one another and, among other things, transformed this Court into a criminal enterprise in violation of the RICO statutes. Recognizing that these claims already had been litigated and that they in any event lacked any legitimate basis, this Court properly dismissed Hughes' second lawsuit for failure to state a claim.

Refusing to accept defeat, Hughes has now filed yet another lawsuit against AOL and Thomas McMenamon, Jr. — the same defendants named in his first suit — in a *third* attempt to litigate the allegations raised in his Rule 60(b)(3) motion. Once again, the latest complaint's hodgepodge of frivolous legal theories are all based on the same central allegation Hughes made in his Rule 60(b)(3) motion: that unspecified statements in pleadings filed on behalf of AOL in the prior litigation somehow misrepresented the genesis of a printout of an e-mail attached as an exhibit to AOL's motion to dismiss. Because the allegations made in Hughes' latest lawsuit already have been thoroughly considered and rejected by this Court twice, his new complaint amounts to nothing more than a rehash of rejected claims that is both harassing and abusive.

Because Plaintiff's claims are utterly frivolous, and because he has demonstrated that a mere dismissal of his claims will not deter him from continuing to relitigate this matter, the Court should direct Plaintiff to cease filing vexatious and duplicative lawsuits against AOL and others in connection with the allegations he first raised in his Rule 60(b)(3) motion and award AOL sanctions in the form of costs and attorneys' fees incurred in responding to his third complaint.

## FACTUAL BACKGROUND[1]

*Plaintiff's First Complaint*

The allegations in Plaintiff's current complaint stem from a prior case in which Plaintiff sued AOL for disclosing his identity to the Methuen Police Department. (*See* Appendix ("App.")[2], Ex. 1 ("Compl. I").) According to Plaintiff's complaint in that case, Officer Thomas McMenamon of the Methuen Police Department contacted AOL on April 17, 2000 as part of his investigation into a death threat that had been sent via an anonymous e-mail from an AOL subscriber's e-mail account to another AOL subscriber. (*Id.* ¶¶ 19-20.) Officer McMenamon allegedly telephoned AOL and requested that it disclose the identity of the owner of the account from which the e-mail had emanated. According to the complaint, before AOL responded to the request, it required Officer McMenamon to "attest that the contents of [the] email showed probable cause of a crime" and to "promise to obtain an after the fact court order" compelling such disclosure. (*Id.* ¶ 21.) After Office McMenamon allegedly agreed to these conditions and certified to AOL that there was probable cause to believe a crime had occurred, AOL allegedly

---

[1]    In reciting Plaintiff's allegations herein, AOL does not concede that any of them are true in fact. Rather, it is AOL's position that all of its statements in the initial litigation about the e-mail at issue were completely accurate.

[2]    The appendix contains documents from the record in the prior two proceedings, as well as the relevant attachments and exhibits to those pleadings.

disclosed that the account used to send the threatening e-mail belonged to Plaintiff. (*Id.* ¶ 22.) Plaintiff filed a *pro se* suit against AOL, as well as the police officer, on June 8, 2001, alleging seven counts, including illegal search and seizure, violations of the federal wiretap statute, and state law claims for invasion of privacy.

On August 1, 2001, AOL filed a motion to dismiss the complaint, arguing that Plaintiff had failed to state a claim on which relief could be granted and, alternatively, that Plaintiff's claims were subject to a forum selection clause in the contract between Plaintiff and AOL that required any lawsuit against AOL to be filed in Virginia. (*See* App., Ex. 2.) In reciting the factual allegations of Plaintiff's complaint, AOL's motion to dismiss quoted the text of the threatening e-mail and then stated:

> (A printout of this e-mail, *which AOL obtained from the public file associated with the subsequent criminal prosecution of Plaintiff*, is included at Tab A of the Appendix to this Memorandum. AOL has redacted the victim's name to protect her privacy.)

(*Id.* at 3 (emphasis added).)

Before the Court ruled on AOL's motion to dismiss the initial lawsuit, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction arguing that AOL should be enjoined from submitting the printout of the threatening e-mail to the Court because AOL had somehow unlawfully "intercepted" the e-mail in violation of the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. § 2501 *et seq*. In opposing that motion, AOL argued that Plaintiff could not establish a violation of the ECPA because, as was clear from the allegations in Plaintiff's complaint, the printout of the e-mail itself, and the declarations attached to AOL's opposition, AOL did not obtain e-mail through any unlawful "interception." (App., Ex. 3.) Rather, AOL had originally obtained a copy of the e-mail message in a fax from Officer McMenamon that included a printout of the e-mail. Furthermore, AOL pointed out that, by the

4

time it attached the e-mail to its motion, a copy of the e-mail was already in the public record as part of criminal proceedings relating to the death threat that the Commonwealth of Massachusetts had brought against Plaintiff. *Id.* at 3.

On March 29, 2002, the Court (Collings, M.J.) denied AOL's motion to dismiss on the sole ground that there was a factual issue regarding the forum selection clause that could not be resolved in the context of a Rule 12(b)(6) motion to dismiss. (*See* App., Ex. 4.) The Court stated that its denial was "without prejudice to filing a motion for summary judgment based on the forum selection clause." *Id*. at 3. AOL subsequently filed such a motion for summary judgment on April 16, 2002, and the Court granted the motion, dismissing Plaintiff's claims against AOL, on May 28, 2002. (*See* App., Ex. 5.)

Plaintiff then filed a Rule 60(b)(3) motion to set aside the Court's judgment on the forum selection clause. (*See* App., Ex. 6.) The basis for Plaintiff's 60(b)(3) motion was the allegation that AOL, through its attorneys, had committed fraud on the Court. Plaintiff alleged that "AOL knowingly offered this Court false evidence in support of Its answer to Plaintiff's complaint, a Motion to Dismiss filed on August 2, 2001." (*Id*. at 2.) According to Plaintiff, "AOL's attorney signed [the Motion to Dismiss] as a true and factual representation to this Court that the document copied from the *Commonwealth v. Hughes* file is an official record that accurately reflects 'original' e-mail received and stored in AOL's computer." (*Id*. at 7.) At the same time, Plaintiff alleged that "AOL's attorney signed [the Opposition to Plaintiff's Motion for a Temporary Restraining Order] as a true and factual representation to this Court that the document copied from the *Commonwealth v. Hughes* file is <u>not</u> an official record that accurately reflects 'original' e-mail received and stored in AOL's computer." (*Id.* at 8 (emphasis in original).) Thus, Plaintiff claimed, "AOL's attorney consciously set in motion an

5

unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier and unfairly hampering the presentation of the Plaintiffs [sic] claims when he answered Plaintiff's complaint with a false pleading." (*Id.* at 11.)

On November 19, 2002, AOL filed its response to the Rule 60(b)(3) motion, explaining, among other things, that Plaintiff's allegations of fraud were entirely false and otherwise without merit. (*See* App., Ex. 7.) As AOL pointed out, Plaintiff "fail[ed] to identify a single fraudulent act" in the motion:

> The closest Hughes comes is his convoluted argument that AOL's averments with respect to the threat e-mail sent from his account have been inconsistent. In fact, all of AOL's statements were entirely truthful, and there was no inconsistency. AOL has informed the Court that Officer McMenamon sent AOL a printout of an e-mail sent from Hughes' account on April 17, 2000, and that this printout provided AOL with sufficient justification for releasing Hughes' subscriber information to the police. There is neither contradiction nor fraud.

(*Id.* at 3.) Magistrate Judge Collings denied Plaintiff's Rule 60(b)(3) motion on November 22, 2002. (App. Ex. 8.)[3/]

*Plaintiff's Second Complaint*

On June 13, 2003, Plaintiff filed a complaint against Magistrate Judge Collings, the attorneys for Officer McMenamon, and the attorneys for AOL based on the same nebulous and false fraud allegations that he made in his Rule 60(b)(3) motion. (App., Ex. 9 ("Compl. II").) In his complaint, Plaintiff alleged that "[t]he genesis of the fraud in the instant case is a public

---

[3/]  Plaintiff appealed that decision to the First Circuit, but his appeal was dismissed for lack of jurisdiction because the action remained pending against Officer McMenamon. Order, *Hughes v. America Online, Inc.*, No. 03-1094, entered March 21, 2003 (1st Cir.). Plaintiff later appealed Magistrate Judge Collings' Endorsed Order ordering judgment in favor of AOL and Officer McMenamon. *See*, Notice of Appeal, *Hughes v. McMenamon*, No. 01-10981, filed May 14, 2004 (D. Mass.). That appeal remains pending before the First Circuit.

record offered at Exhibit A of AOL's CA 01-10981 Memorandum in Support of Its Motion to Dismiss as evidence to prove e-mail printed out from an AOL member's mailbox." (Compl. II ¶ 27.)  Plaintiff also asserted that AOL's attorneys "failed to disclose the odyssey of the Exhibit A document that first began when [Office McMenamon] faxed it as a document, alleged to accurately reflect e-mail printed out from data in an AOL member's mailbox." (*Id*. ¶ 28.)  The alleged fraud apparently involved AOL's attorneys offering "a copy of the fax as evidence to prove an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time," and then subsequently offering "clear and convincing evidence to prove that the Exhibit A fax does not reflect that an AOL member made a printout of e-mail from her AOL mailbox on April 16, 2000 at 11:01:03 eastern daylight time that was put there by AOL." (*Id*. ¶¶ 28-29.)  Plaintiff also alleged that, by "endors[ing] AOL's fraudulent Motion to Dismiss" (*Id.* ¶ 44), Magistrate Collings "failed his legal duty to appear impartial. . . ." (*Id.* ¶ 146).  Based on these allegations, Plaintiff claimed that the attorneys, together with Magistrate Judge Collings, committed fraud, fraud on the court, RICO violations, abuse of process, defamation, intentional infliction of emotional distress, and constitutional violations.  (*Id*. ¶¶ 46-153.)

In response to Plaintiff's complaint against the attorneys and Magistrate Judge Collings, the Defendants filed motions to dismiss Plaintiff's complaint on numerous grounds, including that his claims were barred by res judicata because they were all based on the same allegations that he had raised in his Rule 60(b)(3) motion and that had already been rejected by the Court.

On February 6, 2004, for the reasons advanced by the Defendants, Judge O'Toole dismissed all of Plaintiffs' claims with prejudice. (*See* App., Ex. 10.)[4]

*The Third Lawsuit*

Unwilling to accept the dispositions of his first and second lawsuits (or to await the outcome of his pending appeals therefrom), Plaintiff filed the present action against AOL and Officer McMenamon based on the same false and meritless allegations that were the sole basis of both his Rule 60(b)(3) motion in his first lawsuit and the complaint in his second lawsuit. As in his prior pleadings, Plaintiff once again alleges that "[t]he factual basis for this [third] action derives predominantly from cited declarations and allegations reflected in pleadings signed and filed by lawyers for the defendants" relating to AOL's offering of a "document to this Court, in a pleading titled Defendant America Online, Inc.'s Motion to Dismiss located at Tab A of the Appendix of Its Memorandum in Support of that motion." (App., Ex. 11 ("Compl. III") ¶¶ 14-15.) In this third action, Plaintiff seeks to set aside all judicial orders in his first action as void "because they were achieved as a result of fraud upon the Court . . . [which] occurred as the result of AOL's lawyer signing AOL's Motion to Dismiss dated August 2, 2001 knowing it reflects false allegations supported by fabricated evidence," and because the Court's orders are the result of "judicial bias . . . and deprivation of due process." (Compl. II ¶¶ 11-12.) AOL intends to file a motion to dismiss this complaint simultaneously with this Rule 11 motion.

## ARGUMENT

Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, or other paper "be signed" by a party or his attorney, which requirement serves as a certification "that to the

---

[4] Plaintiff has also taken an appeal from this decision, and that appeal is now pending before the First Circuit. *See* Brief for the Plaintiff – Appellant, *Hughes v. Collings*, Nos. 04-1368, 04-1369 (1st Cir. 2004).

8

best of the [signer's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading or other paper meets the minimum standards set forth in Rule 11(b), including that:  (1) the presented paper does not advance "any improper purpose," such as harassment, delay, or increasing opponent's costs; and (2) the "claims, defenses and other legal contentions" are "nonfrivolous" and "warranted by . . . law."  Fed. R. Civ. P. 11(b); *see also Equal Employment Opportunity Comm'n v. Tandem Computers Inc.*, 158 F.R.D. 224, 227 (D. Mass. 1994).  The objective of Rule 11 is "to deter dilatory and abusive tactics in litigation, and to streamline the litigation process by lessening frivolous claims or defenses." *Tandem Computers Inc.*, 158 F.R.D. at 227.  To this effect, Rule 11 permits an award of sanctions that is "sufficient to deter repetition of such conduct," and that may include "directives of a nonmonetary  nature," as well as "an order to pay a penalty into court," or, where "warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed R. Civ. P. 11(c)(2); *see also Motzkin v. Trustees of Boston Univ.*, No. 95-10450-RCL, 1997 WL 136245, at *3 (D. Mass. Mar. 14, 1997).

"[C]ourts and Rule 11 itself indicate that Rule applies to represented and *pro se* parties alike."  *Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 64-65 (D. Mass. 1991) (citing *LeFebvre v. C.I.R.*, 830 F.2d 417, 420 (1st Cir. 1987); Fed. R. Civ. P. 11, Notes of Advisory Committee on 1987 Amendment); *see also Vizvary v. Vignati*, 134 F.R.D. 28, 31 (D.R.I. 1990) ("Because a plaintiff appears *pro se* does not render him immune from Rule 11.").  As noted by one district court in the First Circuit, "where a *pro se* litigant attempts to re-hash claims that have already been litigated in prior actions, Rule 11 sanctions are appropriate, and indeed are required if the pleading is frivolous." *Burgess v. Board of Trustees*, No. 94-338-JD, 1995 WL 136930, at

9

*10 n.7 (D.N.H. Mar. 28, 1995) (internal quotation marks omitted), *aff'd*, 70 F.3d 110 (1st Cir. 1995); *Rogers v. Town of Northborough*, 188 F. Supp. 2d 10, 16 (D. Mass. 2002) (noting that *pro se* litigants are subject to Rule 11 and warning that "[t]his Court will impose attorney's [sic] fees and/or sanctions if the plaintiff again files suit in this Court based upon the same facts.").

Here, Plaintiff's claims are precisely the type that Rule 11 prohibits. His complaint raises no new claims but rather seeks to rehash — for the *third* time — frivolous allegations that have already been rejected. The claims asserted in Plaintiff's third complaint all concern alleged misrepresentation(s) about the source of the e-mail printout attached to AOL's pleadings in Plaintiff's first lawsuit. But Plaintiff made precisely this argument without success in his Rule 60(b)(3) motion in his first lawsuit and in his second complaint. Similarly, Plaintiff's claims that he was somehow denied due process by Judge Collings' alleged failure to take "appropriate action" against AOL for its alleged fraud on the court (Compl. III ¶¶ 34-41) are virtually identical to his claims in his second complaint that, by failing to "report reliable evidence indicating the likelihood of unprofessional conduct on the part of a lawyer," Judge Collings "deprived Plaintiff of his property and due process rights." (Compl. II ¶ 146.) Plaintiff's attempt to relitigate these claims yet again is the type of abusive and harassing litigation tactic that Rule 11 is designed to prevent, and he should not be permitted to waste any more of this Court's or the defendants' time and resources.

In addition to the fact that Plaintiff's complaint is nothing more than a rehash of claims that this Court has twice rejected, his third complaint also violates Rule 11 because those claims are frivolous. It is axiomatic that, where, as here, the record fails to show that the party has a "plausible" case or a "good reason for believing in the existence" of a meritorious case, sanctions under Rule 11 are appropriate. *Bay State Towing Co. v. Barge American 21*, 899 F.2d 129, 133

(1st Cir. 1990).  As explained in AOL's motion to dismiss Plaintiff's complaint, Plaintiffs' claims bear multiple threshold defects and lack any legal basis.

As an initial matter, having filed a Rule 60(b)(3) motion, Plaintiff is precluded from now filing a Rule 60(b)(4) independent cause of action.  A party has the freedom to choose to file *either* a Rule 60(b)(3) motion *or* a 60(b)(4) cause of action.  He cannot, however, choose one option and, having failed, try for a second bite at the apple.  *See Locklin v. Switzer Bros., Inc.*, 335 F.2d 331 (7th Cir. 1964) (Rule 60(b) motion has preclusive effect on subsequent independent Rule 60(b) action based on same allegations); *Cinquini v. Donohoe*, No. C9504168FMS, 1996 WL 79822, at *7 (N.D. Cal. Feb. 8, 1996) ("Res judicata does apply to successive Rule 60(b) motions and actions.").  This rule is simply an application of the basic doctrine of res judicata.  As discussed above, Plaintiff already raised the same allegations contained in his 60(b)(4) complaint in his Rule 60(b)(3) motion, and the doctrine of res judicata accordingly blocks Plaintiff from relitigating his claims again here.  Indeed, that is even more true in this case, where Plaintiff not only brought a prior Rule 60(b)(3) motion, but also raised the same fraud and other specious allegations in the lawsuit against AOL's counsel and Magistrate Judge Collings.  Because Plaintiff's complaint represents his third attempt to litigate these claims after two prior unsuccessful efforts with this Court, it is legally frivolous in violation of Rule 11.

In any case, even on the merits, Plaintiff's claim is frivolous.  The Supreme Court has held that independent actions under Rule 60(b) are "available only to prevent a grave miscarriage of justice."  *United States v. Beggerly*, 524 U.S. 38, 47 (1998).  Here, Plaintiff does not come close to meeting this "demanding standard."  *Id*.  Though Plaintiff repeats it in many variations, the central allegation in the complaint is the same:  AOL's pleadings purportedly included

misleading or inconsistent statements concerning the origin and chain of custody of an e-mail printout that was attached as an exhibit to AOL's motion to dismiss. In fact, all of AOL's statements were entirely truthful, and there was no inconsistency. AOL's pleadings in each of Hughes' three lawsuits have consistently and accurately reflected the following facts: *First*, AOL never intercepted the e-mail at issue; rather, the e-mail's intended recipient provided Officer McMenamon with a printout of the e-mail, which was sent from Plaintiff's account on April 17, 2000, and Officer McMenamon then faxed that printout to AOL. (App., Ex. 3 at 4, Wilhelm Decl. ¶¶ 5, 8, 9, 11.) *Second,* this printout provided AOL with sufficient justification for releasing Hughes' subscriber information to the police. (App., Ex. 2 at 3; Ex. 7 at 3.) *Third*, the e-mail attached to AOL's motion to dismiss Plaintiff's first lawsuit at Tab A was "obtained from the public file associated with the subsequent criminal prosecution of Plaintiff." (Ex. 2 at 3; *see also* App., Ex. 3, Constable Decl. ¶¶ 6-7.)[5] *Fourth*, as "AOL has . . . maintained all along, . . . the copy of this e-mail contained in the court records of Hughes' criminal prosecution is identical to the e-mail printout AOL received from McMenamon." (App., Ex. 7 at 3 n.3; *see also* Ex. 2 at 3 & n.2). Plaintiff has not and cannot point to any iota of contradiction (much less fraud) in any of these statements.[6]

---

[5] AOL submitted a copy of the e-mail in its motion to dismiss Hughes' first lawsuit only because Hughes himself, despite repeatedly referring to and relying on the e-mail in his complaint, had failed to provide the Court with a copy of the e-mail. (*See* Ex. 2 at 3 n.2.)

[6] Plaintiff's Rule 60 action also fails because the allegedly false statements are wholly unrelated to the ground on which this Court granted summary judgment against Plaintiff in the first action — namely, the forum selection clause in the parties' contract. Thus, even if Plaintiff could show that some representation by AOL was untrue — and he cannot — that still could not be a basis for reopening this case. *See, e.g.*, *U.S. v. Parcel of Land*, 958 F.2d 1, 5 (1st Cir. 1992) (misstatements of fact that are inconsequential to a dispositive issue do not warrant reversal of a judgment under Rule 60(b).).

**CONCLUSION**

For the foregoing reasons, Plaintiff's complaint lacks any legal basis and is yet another transparent attempt to relitigate claims that have already been rejected by this Court and to harass AOL. Accordingly, pursuant to Fed. R. Civ. P. 11, the Court should direct Plaintiff to cease filing vexatious and duplicative lawsuits against AOL and others in connection with the allegations he first raised in his Rule 60(b)(3) motion and award sanctions in the form of the attorneys' fees expended by AOL in this action.

Respectfully submitted,

/s/ Benjamin M. Stern
Patrick J. Carome
Samir Jain
WILMER CUTLER PICKERING
HALE AND DORR LLP
2445 M Street NW
Washington, DC  20037
Phone: (202) 663-6000
Fax: (202) 663-6363

Benjamin M. Stern (BBO #646778)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for America Online, Inc.*

September 20, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the above and foregoing Memorandum in Support of Defendant America Online, Inc.'s Motion for Sanctions has been served on the following counsel of record via Federal Express, this 20th day of September, 2004:

>Walter P. Hughes
>13 Lockway Road
>Andover, Massachusetts 01810
>Plaintiff Appearing *pro se*
>
>Joseph L. Tehan, Jr., Esq.
>Katharine I. Goree, Esq.
>Kopelman & Paige, P.C.
>31 St. James Avenue
>Boston, Massachusetts 02116
>Counsel for Defendant McMenamon
>
>Maurice J. Lariviere, Jr., Esq.
>41 Pleasant Street
>Suite 311
>Methuen, Massachusetts 01844
>Counsel for Defendant McMenamon
>
>/s/ Benjamin M. Stern
>Benjamin M. Stern