**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY
BOSTON MASSACHUSETTS

| | |
|---|---|
| Walter P. Hughes,<br>      Plaintiff, | CIVIL DOCKET NO.<br>CIVIL ACTION NO.<br>COMPLAINT<br>JURY TRIAL DEMANDED |
| vs. | |
| Thomas F. McMenamon Jr<br>Individually and in his capacity as a<br>law enforcement official.<br>      Defendant | 01 10981 GAO |
| vs. | |
| America Online Inc.<br>      Defendant | |

## COMPLAINT

(Diversity Jurisdiction; Conspiracy; Search and Seizure; Intentional Infliction of Emotional Distress; Compensatory and Punitive Damages; Malicious Prosecution; Abuse of Process; Constitutional Law; State Action; Wiretap Act, 18 U.S.C. SS 2510-2520; Stored Communications Act, 18 U.S.C. SS 2701-2710; Consumer Protection; Supplemental Jurisdiction;)

Walter P. Hughes brings this action pro se against Thomas F. McMenamon Jr. individually and in his capacity as a law enforcement official, and America Online, Inc., jointly and severally, seeking compensatory and punitive damages. In support of his claims, Walter P. Hughes alleges as follows:




1

## Parties

1. Plaintiff Walter Hughes is an adult citizen of the Commonwealth of Massachusetts, residing at 13 Lockway Road, Andover, MA 01810.

2. Defendant Thomas F. McMenamon Jr. (hereinafter "McMenamon") is an adult citizen of the Commonwealth of Massachusetts residing at 2 Girard Avenue, Methuen, Massachusetts, 01844, and employed as a duly appointed law enforcement official of the Police Department of the Town of Methuen, whose headquarters is located at 90 Hampshire Street, Methuen MA 01844.

3. Defendant America Online, Inc. (hereinafter "AOL") is a for-profit corporation organized and operating under the laws of the Commonwealth of Virginia, with its principal place of business at 2200 AOL Way, Dulles, Virginia 20166.

4. There may be other defendants who willfully and knowingly participated in events relevant to the allegations of this complaint. Plaintiff, however, is ignorant of their identification and capacity and will amend this complaint to allege their true identities and capacities when ascertained.

## Jurisdiction

5. 28 U.S.C. §1331 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this case presents a controversy between citizens of different states in which the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7. 28 U.S.C. Section(s) 1367, This section states that "in any civil action over which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case and controversy."

### Venue

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because each of the defendants resides, or is licensed to do business or is doing business, or is found or transacts business, in this district and/or the claims arose in this district.

### Definitions

9. When used in this complaint, the following words and phrases have the following meanings:

10. *Computer*: A computer consists of the mechanical, magnetic, electronic, and electrical devices making up a computer system, such as the central processing unit, computer memory devices (ram memory, rom memory, cd rom disk drives, hard disk drives, floppy disk drives), keyboard, monitor, and printing devices.

11. *Electronic storage*: A place where electronic data is stored in a computer (ram memory, rom memory, cdrom disk drives, hard disk drives, floppy disk drives, magnetic tape drives, etc.).

12. *Computer Software*: Computer software consists of computer programs and related instructions and documentation.

13. *Electronic mail*: Electronic mail (e-mail) is a wire communication transmitted from an originator computer to a communications common carrier where it is placed in electronic storage before delivery on request to a receiver computer. While in transmission and in electronic storage e-mail is not readable as text.

3

14. *E-Mail address:* E-mail service providers assign e-mail users unique unpublished e-mail addresses. To send e-mail to a specific recipient, the sender must have actual possession of the recipients e-mail address.

15. *E-mail printout:* An e-mail printout is a copy of an e-mail message in electronic storage that a computer has been instructed to translate to a text file and print using computer software.

## GENERAL ALLEGATIONS

16. AOL provides more e-mail service to Massachusetts' consumers than any other communications common carrier.

17. Massachusetts' consumers subscribe to AOL's e-mail service in preference to other internet service providers because, in significant part, its policies prohibit:

   a. disclosure of subscriber identification information to a law enforcement officer except to comply with a search warrant authorized by a court official.

   b. disclosure of e-mail content to a law enforcement officer except to comply with a search warrant authorized by a court official.

   c. extending subscriber service to a person whose access to e-mail is used to threaten the life or safety of a human being.

18. At all times relevant to the allegations of this complaint AOL provided e-mail service to Plaintiff.

## BACKGROUND

19. A person, a pawn relative to the allegations of this complaint and therefore hereafter identified as "P", walked into Methuen Police Headquarters ("MPH") April 17, 2000 and presented Defendant McMenamon with an unauthenticated e-mail printout alleged to have been received the night before.

4

20. Approximately twelve and one half hours after "P" allegedly received e-mail and thirty six minutes after receiving the e-mail printout and, without probable cause to believe Defendant AOL's computers or premises contained evidence of or would lead to evidence that a crime had or was about to be committed, Defendant McMenamon contacted Defendant AOL.

21. Defendant AOL's "Mission Control Center" responded with a confidential fax containing an agreement which in essence required that Defendant McMenamon attest that the contents of an attached e-mail showed probable cause of a crime and in addition that he promise to obtain an after the fact court order before Defendant AOL would participate in a search and seizure and disclose whatever information Defendant McMenamon requested.

22. Defendant McMenamon signed the agreement, faxed it back and Defendant AOL disclosed Plaintiff's name, address and age.

23. Defendant AOL's response to Defendant McMenamon's request for privacy protected communications was not that of a reasonable person with an exigent need to protect the life or safety of a human being in that Defendant AOL discontinued a contemporaneous telephone conversation and engaged in a series of quantifiably slower confidential fax exchanges before disclosing a name, an address and an age.

24. Without probable cause to believe Plaintiff's computers or premises contained evidence of, or would lead to evidence of crime, and without exigent need to protect or preserve evidence, Defendant McMenamon phoned and asked if Plaintiff's AOL subscriber account included a certain e-mail address. Plaintiff answered in the affirmative and, on his own initiative, went to MPH to ascertain the purpose of the call.

25. At MPH the police insisted that Plaintiff carry out a police function that they were unwilling to carry out themselves.

26. When Plaintiff failed to comply, a campaign of coercion ensued that included: Mirandizing and questioning Plaintiff; filing a complaint application; summoning the production of presumed evidence; swearing out a complaint alleging a threat to commit murder; causing a probable cause hearing; withholding exculpatory evidence; causing Plaintiff's arraignment and subsequent prosecution for allegedly threatening to murder "P".

27. The coercion began at MPH where Plaintiff was ordered to sit down and be quiet, warned that Defendant AOL records would be subpoenaed the following day, Mirandized, questioned then told he was free to leave.

28. On the next business day, April 18, 2000, Defendant McMenamon failed to cause a subpoena to issue in accordance with his April 17th agreement with Defendant AOL.

29. On April 18, 2000, Defendant McMenamon filed an unsworn complaint application that charged Plaintiff with threatening to commit a crime.

30. On April 20, 2000, Defendant McMenamon caused a summons to issue that commanded Defendant AOL's "Compliance & Investigation Unit" to produce records in an alleged criminal trial in which Plaintiff was the alleged defendant.

31. In May Plaintiff was summoned to appear at a June 9, 2000 clerk-magistrate probable cause hearing.

32. On June 8, 2000 a sworn complaint now charging Plaintiff with threatening to murder "P" was filed.

33. On or about June 9, 2000, without regard to probable cause and exculpatory evidence a clerk-magistrate issued process against Plaintiff for threatening to murder "P".

34. On August 8, 2000, at the outset of a pre-trial conference the assistant attorney general announced that the outcome of the conference would not, under any circumstance, result in a dismissal of the complaint against Plaintiff.

6

35. On October 13, 2000 the Court agreed to a schedule hearing on Plaintiff's pre-trial motion to suppress all direct evidence.

36. On October 19, 2000, Plaintiff filed a pre-trial motion to dismiss the complaint for lack of evidence.

37. On November 14, 2000 the Court scheduled an evidentiary hearing on Plaintiff's motion to suppress and Plaintiff's motion to dismiss was postponed until after the prosecution presented its case.

38. On January 31, 2001 at a pre-hearing conference, the prosecutor acknowledged that the criminal complaint against Plaintiff was brought for a purpose other than to serve the interests of justice; and she had also learned that "P" was without actual belief that Plaintiff had made the alleged murder threat.

39. On January 31, 2001 the ordeal ended when the prosecution terminated in Plaintiff's favor on motion by the prosecutor.

## SUBSTANTIVE ALLEGATIONS

40. At all times relevant to the allegations of this complaint Defendant AOL provided e-mail services to the public.

41. At all times relevant to the allegations of this complaint Defendant AOL provided e-mail services to Plaintiff.

42. At all relevant times Plaintiff had electronic communications and subscriber account information in electronic storage in Defendant AOL's computers that was not accessible to the general public.

43. At all times relevant to the allegations of this complaint Plaintiff had a reasonable expectation of privacy in communications and subscriber account information in electronic storage in Defendant AOL's computers.

44. At all times relevant to the allegations of this complaint Defendant AOL offered privacy protection for electronic communication and subscriber account information in its computers as an inducement, to the public in general and the citizens of Massachusetts in particular, to purchase Defendant AOL's e-mail service in preference to a competitor.

## COUNT ONE

(The first illegal search and seizure in violation of the United States Constitution.)

45. On April 17, 2000 Defendant McMenamon and Defendant AOL, by their actions, violated Plaintiff's clearly established right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, in that:

   a. Defendant McMenamon willfully and knowingly instigated and participated in a Warrantless search and seizure, a search that he could not lawfully undertake himself.

   b. Defendant AOL willfully and knowingly participated with a law enforcement official in a Warrantless search and seizure.

46. At all times relevant to the allegations of this complaint, Plaintiff had a reasonable expectation of privacy in data held in electronic storage in Defendant AOL's computers.

47. Defendant McMenamon instigated the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

48. Defendant AOL participated in the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

8

49. Defendant AOL and Defendant McMenamon knew or reasonably should have known that their conduct violated Plaintiff's clearly established constitutional right to be free from unreasonable searches and seizures.

50. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count One, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

51. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT TWO

(The second illegal search and seizure in violation of the United States Constitution.)

52. On or about April 20, 2000 Defendant McMenamon and Defendant AOL, by their actions, violated Plaintiff's clearly established right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, in that:

   a. Defendant McMenamon willfully and knowingly instigated and participated in a Warrantless search and seizure, a search that he could not lawfully undertake himself.

   b. Defendant AOL willfully and knowingly participated with a law enforcement official in a Warrantless search and seizure.

53. At all times relevant to the allegations of this complaint, Plaintiff had a reasonable expectation of privacy in data held in electronic storage in Defendant AOL's computers.

9

54. Defendant McMenamon instigated the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

55. Defendant AOL participated in the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

56. Defendant AOL and Defendant McMenamon knew or reasonably should have known that their conduct violated Plaintiff's clearly established constitutional right to be free from unreasonable searches and seizures.

57. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Two, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

58. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon, and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

**COUNT THREE**

(The first illegal search and seizure in violation of the Massachusetts Declaration of Rights.)

59. On or about April 17, 2000 Defendant McMenamon and Defendant AOL, by their actions, violated Plaintiff's clearly established right to be free from unreasonable searches and seizures as guaranteed by Article Fourteen of the Massachusetts Constitution, in that:

   a. Defendant McMenamon willfully and knowingly instigated and participated in a Warrantless search and seizure, a search that he could not lawfully undertake himself.

10

b. Defendant AOL willfully and knowingly participated with a law enforcement official in a Warrantless search and seizure.

60. Defendant McMenamon instigated the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

61. Defendant AOL participated in the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

62. Defendant AOL and Defendant McMenamon knew or reasonably should have known that their conduct violated Plaintiff's clearly established constitutional right to be free from unreasonable searches and seizures.

63. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Three, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

64. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT FOUR

(The second illegal search and seizure in violation of the Massachusetts Declaration of Rights.)

65. Defendant McMenamon and Defendant AOL acting as an agent of the state conducted a search and seizure in violation of Article Fourteen of the Massachusetts Constitution.

66. On or about April 20, 2000 Defendant McMenamon and Defendant AOL, by their actions, violated Plaintiff's clearly established right to be free from unreasonable searches and seizures as guaranteed by Article Fourteen of the Massachusetts Constitution, in that:

   a. Defendant McMenamon willfully and knowingly instigated and participated in a Warrantless search and seizure, a search that he could not lawfully undertake himself.

   b. Defendant AOL willfully and knowingly participated with a law enforcement official in a Warrantless search and seizure.

67. Defendant McMenamon instigated the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

68. Defendant AOL participated in the search and seizure willfully, knowingly, and with actual malice, that is, without probable cause to believe that the search would produce evidence of a crime or would lead to evidence of a crime.

69. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Four, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

70. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon, and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT FIVE

(claim of abuse of process)

71. Defendant McMenamon willfully, knowingly and maliciously committed abuse of process when he instigated a summons on April 20, 2000 the purpose of which was to coerce Plaintiff into performing a police function.

72. Defendant AOL committed abuse of process when it willfully and knowingly participated in a scheme to coerce Plaintiff into performing a police function.

73. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Five, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

74. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon, and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT SIX

(Malicious prosecution)

75. Defendant McMenamon willfully and knowingly committed malicious prosecution when he instigated and perpetuated a prosecution with actual malice, that is he,

   a. instigated and participated in a Warrantless search, without probable cause or exigent circumstance, on or about April 17, 2000.

13

## COUNT SEVEN

(first claim of unlawful interception of a wire communications in violation of
U.S.C. 18 ss.2510-2520 and ss. 2701-2710)

79. On or about April 17, 2000 Defendant AOL willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under the Wiretap Act (18 U.S.C. SS 2510-2520) and the Stored Communications Act (18 U.S.C. SS 2701-2710) used a computer to intentionally intercept and secretly disclose the contents of electronic communications held in electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

80. On or about April 17, 2000 Defendant McMenamon willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under the Wiretap Act (18 U.S.C. SS 2510-2520) and the Stored Communications Act (18 U.S.C. SS 2701-2710) intentionally procured contents of electronic communications held in Defendant AOL's electronic storage in areas in which Plaintiff had a reasonable expectation of privacy and used the content of that electronic communication to secretly procure the disclosure of Plaintiff's privacy protected subscriber account information.

81. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Seven, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

82. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT EIGHT

(second claim of unlawful interception of a wire communications in violation of U.S.C. 18 ss.2510-2520 and ss. 2701-2710)

83. On or about April 20, 2000 Defendant AOL willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under the Wiretap Act (18 U.S.C. SS 2510-2520) and the Stored Communications Act (18 U.S.C. SS 2701-2710) used a computer to intentionally intercept and disclose the contents of electronic communications held in electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

84. On or about April 20, 2000 Defendant McMenamon willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under the Wiretap Act (18 U.S.C. SS 2510-2520) and the Stored Communications Act (18 U.S.C. SS 2701-2710) intentionally procured the content of electronic communications held in Defendant AOL's electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

85. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Eight, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

86. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT NINE

(first claim of violation of G.L. c. 272 s.99)

87. On April 17, 2000 Defendant AOL willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under G.L. c. 272 s.99 secretly used a computer to intentionally secretly intercept and secretly disclose the contents of wire communications held in its electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

88. On or about April 17, 2000 Defendant McMenamon willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under G.L. c. 272 s.99 intentionally secretly procured the interception of the contents of a wire communication held in Defendant AOL's electronic storage in areas in which Plaintiff had a reasonable expectation of privacy and secretly used the content of that wire communication to procure the disclosure of Plaintiff's privacy protected subscriber account information.

89. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Nine, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

90. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT TEN

(second claim of violation of G.L. c. 272 s.99)

91. On or about April 20, 2000 Defendant AOL willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under G.L. c. 272 s.99 secretly used a computer to intentionally intercept and disclose the contents of wire communications held in electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

92. On or about April 20, 2000 Defendant McMenamon willfully and knowingly, in bad faith and with total disregard for privacy protection afforded Plaintiff and the standards and procedures prescribed under G.L. c. 272 s.99 intentionally procured the interception of the content of a wire communications held in Defendant AOL's electronic storage in areas in which Plaintiff had a reasonable expectation of privacy.

93. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Ten, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

94. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT XI

(Unfair Business Practice Under G.L. Ch 93A)

95. The defendant Defendant AOL engaged in an unfair business practice by violating Plaintiff's constitutional and statutory right to privacy under state and federal law and its own public policy and agreement with Plaintiff.

96. More than thirty days have elapsed without response to Plaintiff's G.L. c. 93A demand letter.

97. As a direct and proximate result of the extreme and outrageous conduct, as alleged in this Count Eleven, Plaintiff suffered intentional infliction of emotional distress, injury to his reputation, and personal humiliation.

98. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

## COUNT XII

Intentional Infliction of Emotional Distress

99. Each allegation previously stated is incorporated herein and made a part of this paragraph.

100. The defendants and each of them by their actions caused Plaintiff to suffer severe emotional distress relevant to the allegations in this complaint in that they: intended to inflict emotional distress on Plaintiff or knew or should have known that emotional distress was the likely result of their conduct; their conduct was extreme and outrageous; their conduct was

19

beyond all possible bounds of decency; their conduct was utterly intolerable in a civilized community.

101. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

102. Plaintiff was damaged thereby.

103. WHEREFORE: Plaintiff demands judgment against Defendant McMenamon and Defendant AOL, jointly and severally, in the form of damages in the amount of One Dollar ($1.00) in nominal damages, One Million ($1,000,000.00) in compensatory damages and One Hundred million ($100,000,000.00) in punitive damages and such further relief as justice requires.

104. WHEREFORE Plaintiff prays judgment against the defendants

105. PLAINTIFF DEMANDS A TRIAL BY JURY.

*/s/ Walter P. Hughes*
WALTER P. HUGHES
PRO SE
13 Lockway Road
Andover, MA 01810
(978) 475-8547

## VERIFICATION

I hereby certify under penalty of perjury that I am the Plaintiff in the above captioned case; that I have read the foregoing complaint; and, that the facts related therein are true and correct to the best of my knowledge, information, and belief.

Dated: June 8, 2001

*/s/ Walter Hughes*
Walter Hughes
13 Lockway Road
Andover, MA 01810