**EXHIBIT 5**

KROKIDAS & BLUESTEIN

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MAY 29 2002

| | |
|---|---|
| WALTER P. HUGHES, ) | |
| Plaintiff, ) | |
| v. ) | Civil Docket No. 01-10981-RBC |
| THOMAS McMENAMON, JR. ) | |
| and ) | |
| AMERICA ONLINE, INC., ) | |
| Defendants. ) | |

### DEFENDANT AMERICA ONLINE, INC.'S
### MOTION FOR SUMMARY JUDGMENT ON THE FORUM SELECTION CLAUSE

Defendant America Online, Inc. ("AOL"), by counsel, moves pursuant to Fed. R. Civ. P. 56 and this Court's Order dated March 29, 2002 for summary judgment on the basis of the forum selection clause in the contract between it and Plaintiff. It is undisputed that Plaintiff agreed to be bound by AOL's Terms of Service, the contract between Plaintiff and AOL to which Plaintiff consented as a condition of receiving AOL service. The contract includes a forum selection clause designating the Commonwealth of Virginia as the forum in which all claims between Plaintiff and AOL must be litigated.

Accordingly, AOL asks that this Court enforce the terms of the forum selection clause and enter summary judgment against Plaintiff on all claims against AOL. The reasons requiring entry of summary judgment are set forth more fully in the accompanying Memorandum.

1

# United States District Court
## District of Massachusetts

WALTER P. HUGHES,
    Plaintiff,

v.                          CIVIL ACTION NO. 2001-10981-RBC[1]

THOMAS McMENAMON, Jr.,
AMERICA ONLINE, INC.,
    Defendants.

## *MEMORANDUM AND ORDER ON DEFENDANT AMERICA ONLINE, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE FORUM SELECTION CLAUSE (#47)*

COLLINGS, U.S.M.J.

### I. INTRODUCTION

On April 16, 2002, defendant America Online, Inc. ("AOL") moved pursuant to Fed. R. Civ. P. 56 for the entry of summary judgment in its favor on the basis of the forum selection clause in the contract between it and the plaintiff, Walter P. Hughes ("Hughes"). In support of its motion, AOL filed

---

[1] With the parties' consent, on March 20, 2002, this case has been referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. §636(c).

Defendant America Online, Inc.'s Statement of Undisputed Facts (Local Rule 56.1) (#48), Defendant America Online, Inc.'s Memorandum in Support of its Motion for Summary Judgment on the Forum Selection Clause (#49), the Declaration of Carrie Davis (#51) and the Appendix to Defendant America Online, Inc.'s Memorandum in Support of its Motion for Summary Judgment on the Forum Selection Clause (#50). Although the period for opposing the motion has elapsed under D. Mass., Local Rule 7.1(B)(2), Hughes has not filed an opposition. AOL's motion (#47) is in a posture for resolution. For the reasons stated in section IV, *infra*, the Court will treat AOL's summary judgment motion as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## II. THE STANDARD

The standard to be applied when deciding a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., has often been repeated. It is incumbent upon the court to "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the plaintiff]." *Kiely v. Raytheon Co.*, 105 F.3d 734, 735 (1 Cir., 1997); *Hogan v. Eastern Enterprises/Boston Gas*, 165 F. Supp. 2d 55, 57 (D. Mass., 2001). Indeed, more than forty years ago the Supreme Court

2

declared that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Pursuant to Fed. R. Civ. P. 10(c), "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Similarly, when "a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St. Bank and Trust Co.*, 137 F.3d 12, 17 (1 Cir., 1998); *see also Blackstone Realty LLC v. Federal Deposit Insurance Corporation*, 244 F.3d 193, 195 n.1 (1 Cir., 2001).

### III. THE FACTS

On June 8, 2001, Hughes filed suit against AOL and Officer Thomas McMenamon of the Methuen Police Department, alleging various causes of acting arising from AOL's release of Hughes' name, address and age to Officer McMenamon. Complaint (#1) ¶¶22, 45-104. AOL released the information

3

in response to a request from Officer McMenamon, who had received a print-out of a threatening electronic mail message ("e-mail") allegedly sent from an AOL account. #1 ¶¶19, 21.

At all times relevant to this action, AOL provided e-mail service to Hughes. #1 ¶¶18, 41. The Terms of Service contract pursuant to which AOL provides e-mail service to its members consists of three portions: the Member Agreement, the Community Guidelines, and the Privacy Policy. #10, Exh. B, C, D; #51, Exh. A. Section 8 of the Member Agreement includes a forum selection clause which reads as follows: "You expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of AOL resides in the courts of Virginia . . . ." #10, Exh. B; #51, Exh. A.

### IV. DISCUSSION

AOL originally filed a Fed. R. Civ. P. 12(b)(6) motion (#9) alleging grounds for dismissal including the forum selection clause. Hughes filed a document titled "Plaintiff's Motion to Defer a Hearing on America Online, Inc.'s Motion to Dismiss" (#14). In an abundance of caution and in consideration of the *pro se* status of the plaintiff, the Court construed that document as

4

questioning the authenticity of the document which AOL alleged to be the contract between the parties. *See Johnson v. Rodriguez*, 943 F.2d 104, 107 (1 Cir., 1991), *cert. denied*, 502 U.S. 1063 (1992) (construe *pro se* pleadings liberally). In an Order dated March 29, 2002, the Court denied AOL's motion to dismiss without prejudice to filing a motion supported by evidence satisfying the requirements of Fed. R. Civ. P. 56(e). #44.

AOL responded by filing a summary judgment in which it seeks dismissal of the claims asserted against it based on the forum selection clause. Hughes did not file an Opposition, or any other document disputing the authenticity of the document alleged to be the contract between the parties. The contract is integral to the claims made in the Complaint, and its content is relied upon therein. *See* #1 ¶¶17, 18, 41, 44. Accordingly, the Court may consider the entirety of the contract as part of the pleadings. *Beddall*, 137 F.3d at 17; *see also Blackstone Realty LLC*, 244 F.3d at 195.

In the First Circuit, a motion seeking dismissal of an action for failure to comply with a forum selection clause is considered a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 387 (1 Cir., 2001). The proper

5

remedy for an action which is filed in disregard of a valid forum selection clause is dismissal of the action. *See Silva*, 239 F.2d at 389; *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 8 (1 Cir., 1984). Now that it is clear there is no dispute as to the contract between the parties, the Court will treat AOL's current motion as being brought pursuant to Fed. R. Civ. P. 12(b)(6). *See Lambert v. Kysar*, 983 F.2d 1110, 1112 n.1 (1 Cir., 1993) (treating 12(b)(3) motion seeking dismissal based on a forum selection clause as a 12(b)(6) motion); *see also Farnham v. Daar, Inc.*, 184 F. Supp. 809, 812 (W.D. Mo., 1960) (treating summary judgment motion as motion to dismiss in Fed. R. Civ. P. 17(a) context); *Rosenfeld v. Continental Building Operating Co.*, 135 F. Supp. 465, 470 (W.D. Mo., 1955) (same).

"The prevailing view towards contractual forum-selection clauses is that 'such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" *Silva*, 239 F.3d at 387 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Forum selection clauses of the type used by AOL, sometimes referred to as "clickwrap" agreements, have been upheld as valid and enforceable. *See, e.g., Caspi v. Microsoft Network, L.L.C.*, 323 N.J. Super. 118,

6

126, 732 A.2d 528, 532, *cert. denied*, 162 N.J. 199, 743 A.2d 851 (1999); *Celmins v. America Online, Inc.*, 748 So.2d 1041, 1041-42 (Fla. Dist. Ct. App. 1999).

It is undisputed that Hughes agreed to the Terms of Service contract when he became a subscriber to AOL's services. It is clear from the facts alleged in the Complaint, taken in the light most favorable to Hughes, that his claims are "claims or disputes with AOL" which relate to his membership and/or his use of AOL's services. #1 ¶¶22, 45-104. The Court rules that the forum selection clause in the Terms of Service contract is enforceable and Hughes' claims are within its scope. *See* #10, Exh. B; #51, Exh. A. Accordingly, Hughes' claims against AOL fail to state claims upon which relief may be granted and AOL is entitled to their dismissal, without prejudice to Hughes refiling them in a Virginia court.

## V. ORDER

For all the reasons stated, it is ORDERED that Defendant America Online, Inc.'s Motion for Summary Judgment on the Forum Selection Clause (#47) be, and the same hereby is, ALLOWED to the extent that the claims against America Online, Inc. are DISMISSED pursuant to Fed. R. Civ. P.

12(b)(6). The dismissal is without prejudice to bringing the action against America Online, Inc. in a court which is in compliance with the forum selection clause of the contract.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

May 28, 2002.

8