**EXHIBIT 6**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01-10981- RBC

| | |
|---|---|
| WALTER P. HUGHES )<br>)<br>Plaintiff, )<br>)<br>v, )<br>)<br>THOMAS F. MCMENAMON, JR.)<br>)<br>and )<br>)<br>AMERICA ONLINE, INC. )<br>)<br>Defendants. ) | Civil Docket No. 01-10981-RBC |

### PLAINTIFF'S RULE 60(b)(3) MOTION TO SET ASIDE JUDGMENT ORDERED ON DEFENDANT AMERICA ONLINE, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE FORUM SELECTION CLAUSE (#47) DATED MAY 28, 2002

Plaintiff, pro se, moves pursuant to Fed. R. Civ. P. 60(b)(3) that this Court set aside Judgment ordered on Defendant America Online Inc.'s Motion for Summary Judgment on the Forum Selection Clause (#47) dated May 28, 2002 because, for reasons stated in the attached Memorandum, Defendant America Online Inc., through its attorney committed fraud upon the court.

November 6, 2002

/s/ Walter P. Hughes
Walter P. Hughes
Plaintiff pro se

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01-10981- RBC

| | |
|---|---|
| WALTER P. HUGHES ) | |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT |
| ) | OF PRO SE PLAINTIFF'S |
| v, ) | RULE 60(b) MOTION |
| ) | TO SET ASIDE |
| THOMAS F. MCMENAMON, JR.) | JUDGMENT AGAINST |
| ) | PLAINTIFF BECAUSE |
| and ) | DEFENDANT AMERICA ONLINE, |
| ) | INC., COMMITTED FRAUD |
| AMERICA ONLINE, INC. ) | UPON THE COURT |
| ) | |
| Defendants. ) | |

This Memorandum is submitted in support of the attached Rule 60(b) Motion to Set Aside Judgment Against Plaintiff On The Forum Selection Clause because Defendant America Online Inc. ("AOL") Committed Fraud Upon The Court.

## INTRODUCTION

1. AOL is an internet service provider who provides electronic mail ("e-mail") service to subscribers or members for a fee.

2. Defendant Thomas F. McMenamon Jr. ("Officer McMenamon") is a law enforcement officer employed by the City of Methuen, Massachusetts.

1

3. This action arises from AOL's false identification of Plaintiff as an AOL member who allegedly used AOL's service to send threat e-mail to another AOL member on April 16, 2000 at 11:01:03 p.m. eastern daylight time.

4. This Rule 60(b)(3) motion arises from the fact that AOL knowingly offered this Court false evidence in support of its answer to Plaintiff's complaint, a Motion to Dismiss filed on August 2, 2001.

5. AOL's principal defense is forum selection based on an alleged violation of AOL's Terms of Service Agreement on April 16, 2000.

6. This Court ordered judgment against plaintiff on the forum protection clause on May 28, 2002.[1]

## UNDISPUTED FACTS

1. AOL answered Plaintiff's complaint with a Motion to Dismiss filed with this Court on August 2, 2001.

2. AOL supported its Motion to Dismiss with a document copied from a case file titled *Commonwealth v. Walter P. Hughes*, No. 0018JT3828 (Mass. Dist. Ct. 2000) ("*Commonwealth v. Hughes*").[2]

3. The document copied from the *Commonwealth v. Hughes* file on July 20, 2001[3] was offered as evidence in AOL's Motion To

---

[1] See Memorandum and Order On Defendant America Online, Inc.'s Motion for Summary Judgment On The Forum Selection Clause (#47) attached at Tab 5.
[2] See attached to Decl of J. Charles Wilhelm attached at Tab 1

2

Dismiss as an "original"[4] to prove that AOL received e-mail from an AOL member named "MooMoo868790043"; AOL stored e-mail received from an AOL member named "MooMoo868790043" as data in a computer that accurately reflects the contents of the copied document; AOL delivered e-mail received from an AOL member named "MooMoo868790043" to an AOL member named "GrLsRuLe14" on April 16, 2000 at 11:01:03 p.m. eastern daylight time; and there was forum related activity between AOL and Plaintiff regarding e-mail received from an AOL member named "MooMoo868790043" and delivered by AOL to an AOL member named "GrLsRuLe14" on April 16, 2000 at 11:01:03 p.m. eastern daylight time.

4. AOL's attorney signed a pleading titled America Online, Inc.'s Response to Plaintiff's Motion for a Temporary Restraining Order[5] on November 7, 2001 that reflects the following attestations:

a. *"AOL obtained the printout of the e-mail not through "interception,"[6] but rather through a fax transmission from a Methuen police officer (Defendant Thomas McMenamon, Jr.),*

---

[3] See Decl of Mark Constable attached at Tab 2
[4] Fed Rule Evid §§ 1001, 1002, 1005 attached at Tab 8.
[5] See AOL's Response attached at Tab 3
[6] see M.G.L. c. 272 § 99 B 4 attached at Tab 7.

3

who, in turn, had received it from the intended recipient of the e-mail when she reported the threat to the police."[7]

b. "... Mr. Wilhelm, who received the faxed document from the Methuen police, states in his Declaration that AOL did not intercept the e-mail or obtain it from electronic storage in its system, but instead received it by fax from the police, who in turn had received it from the victim of the threat. (Wilhelm Decl.¶¶ 5, 8, 11.)"[8]

c. "Among the documents in the copied file was what appeared to be a printout of an e-mail dated April 16, 2000 from "MooMoo868790043" to "GrLsRuLe14." This document appears in all relevant respects to be identical to the document located at Tab A of the Appendix of Defendant America Online, Inc.'s Memorandum in Support of its Motion to Dismiss, filed with this Court on August 2, 2001."[9]

d. "AOL received the document copied from the Lawrence District Court file for Commonwealth v. Hughes from Officer McMenamon on April 17, 2000; it was not produced by AOL to

---

[7] See AOL's Response attached at Tab 3, page 2
[8] See AOL's Response attached at Tab 3, page 4
[9] See Decl Mark Constable attached at Tab 2 ¶ 7

4

*Officer McMenamon from any internal logs of e-mails sent or received by AOL members."*[10]

e. *"As part of my duties as a Product Support Specialist, I respond to after-hours law enforcement requests for member account information as part of the Tool Performance Management Team ("TPM") at AOL's Mission Control Center in Tucson, Arizona. On April 17, 2000, I was working in this capacity."*[11]

f. *"The document attached to this declaration as Exhibit A is a copy of a document contained in AOL's TPM file."*[12]

## BACKGROUND

1. On April 17, 2000 Officer McMenamon received a complaint from a person who said she received threat e-mail delivered by AOL on April 16, 2000 at 11:01:03 p.m. eastern daylight time.

2. Officer McMenamon faxed a copy of the threat to AOL's Mission Control Center in Tucson, Arizona. on April 17, 2000[13].

3. J Charles Wilhelm, an AOL Product Support Specialist Tucson, Arizona, identified the contents of the fax as AOL e-mail and Plaintiff

---

[10] See Decl J. Charles Wilhelm attached at Tab 1 ¶ 11
[11] See Decl J. Charles Wilhelm attached at Tab 1 ¶ 3
[12] See Decl J. Charles Wilhelm attached at Tab 1 ¶ 4
[13] See Mission Control Center Confidential Fax attached at Tab 6

5

as an AOL member who's account included the screen name "MooMoo868790043" from the face of Officer McMenamon's fax.[14]

4. AOL responded to an April 20, 2000, Lawrence District Court order for evidence, "regarding a message sent on April 16, 2000 at 11:01:03 p.m. eastern daylight time from MooMoo868790043"[15] with the fax transmission J. Charles Wilhelm placed in AOL's ATM files on April 17, 2000.[16]

5. AOL proffered the fax transmission retrieved from AOL's ATM file and produced it to the *Commonwealth v. Hughes* court pursuant to summons then to this Court to support AOL's forum selection defense in its Motion to Dismiss filed on August 2, 2001.[17]

6. On November 7, 2001 AOL filed a pleading titled "Defendant America Online, Inc.'s Response to Plaintiff's Motion for a Temporary Restraining Order".[18]

7. On April 16, 2002, AOL' attorney filed a pleading titled Defendant America Online Inc.'s Motion for Summary Judgment on the Forum Selection Clause.

---

[14] See Decl J. Charles Wilhelm attached at Tab 1 ¶¶ 3, 4
[15] See Lawrence District Court Summons attached at Tab 4
[16] See Decl J. Charles Wilhelm attached at Tab 1 ¶¶ 3, 4
[17] See Decl J. Charles Wilhelm attached at Tab 1 ¶¶ 3, 4
[18] See AOL's Response attached at Tab 3

6

8. The document copied from the *Commonwealth v. Hughes* file by AOL's attorney on July 20, 2001[19] and offered as evidence in AOL's Motion To Dismiss on August 2, 2001 was produced as evidence by AOL to the *Commonwealth v. Hughes* court on or about May 4, 2000 pursuant to summons.[20]

9. On May 28, 2002, this Court ordered judgment against Plaintiff on the Forum Protection Clause.

## ARGUMENT

1. AOL's attorney signed Defendant America Online, Inc.'s Motion to Dismiss on August 2, 2001 as a true and factual representation to this Court that the document copied from the *Commonwealth v. Hughes* file[21] is an official record that accurately reflects "original" e-mail received and stored in AOL's computer[22]; it is an official record that accurately reflects AOL received that e-mail from an AOL member named "MooMoo868790043"; it is an official record that accurately reflects AOL delivered that e-mail to an AOL member named "GrLsRuLe14" on April 16, 2000 at 11:01:03 p.m. eastern daylight time.

---

[19] See Decl of Mark Constable attached at Tab 2
[20] See Lawrence District Court Summons attached at Tab 4
[21] See Undisputed Facts ¶ 4 c above.
[22] Fed Rule Evid §§ 1001, 1002, 1005 attached at Tab 8.

7

2. AOL's attorney signed Defendant America Online, Inc.'s Response to Plaintiff's Motion for a Temporary Restraining Order on November 7, 2001 as a true and factual representation to this Court that the document copied from the *Commonwealth v. Hughes* file[23] is ***not*** an official record that accurately reflects "original"[24] e-mail received and stored in AOL's computer[25]; it is ***not*** an official record that accurately reflects AOL received that e-mail from an AOL member named[26] "MooMoo868790043"[27]; it is ***not*** an official record that accurately reflects AOL delivered that e-mail to an AOL member named "GrLsRuLe14" on April 16, 2000 at 11:01:03 p.m. eastern daylight time.[28]

3. E-mail offered as evidence in a criminal prosecution must be the product of a warrant, even under exigent circumstances, and shall not be accessed for disclosure to the public without prior authorization from a chief justice or his designee as a matter of law.[29]

---

[23] See Undisputed Facts ¶ 4 c above.
[24] Fed Rule Evid §§ 1001, 1002, 1005 attached at Tab 8; Undisputed facts ¶ 4 a, b, d above
[25] See Undisputed Facts ¶ 4 a, b above.
[26] See Undisputed Facts ¶ 4 d above.
[27] "... the true identity of the author of the death threat could not be determined from the face of the e-mail" ... averment made in AOL's Motion to Dismiss....
See New York Times article "After Attack by Hackers AOL Tightens Data Access attached at Tab 9 ... See Fed Rule Evid §§ 1001, 1002, 1005 attached at Tab 8.
[28] See Undisputed Facts ¶ 4 d above.
[29] See attached at Tab 4 M.G.L. c. 272 §99 B, C, D, N, O

8

4. The document copied from the *Commonwealth v. Hughes* file by AOL's attorney on July 20, 2001[30] and offered as evidence in AOL's Motion To Dismiss does not reflect e-mail disclosed with prior authority of all the parties to that communication.[31]

5. The document copied from the *Commonwealth v. Hughes* file by AOL's attorney on July 20, 2001[32] and offered as evidence in AOL's Motion To Dismiss does not reflect e-mail as a matter of law.

6. AOL did not engage in a forum related activity with Plaintiff on April 16, 2000 at 11:01:03 p.m. eastern daylight time.[33]

7. The document copied from the *Commonwealth v. Hughes* file is a fax transmission that reflects hearsay[34] not e-mail that reflects forum related activity.

8. AOL's Motion to Dismiss is a false pleading signed by AOL's attorney.

9. AOL's attorney concealed material evidence from AOL's Motion To Dismiss that he offered in AOL's Response to Plaintiff's Motion for a Temporary Restraining Order.[35]

---

[30] See Decl of Mark Constable attached at Tab 2
[31] See Undisputed Facts ¶ 4 c, d above
[32] See Decl of Mark Constable attached at Tab 2
[33] See Undisputed Facts ¶ 4 d, e, f above.
[34] See Undisputed Facts ¶ 4 a, b, d, e, f above.
[35] See Decl J. Charles Wilhelm and Mark Constable at Tabs 1, 2.

9

10. AOL's attorney withheld material evidence from AOL's Motion for Summary Judgment On The Forum Selection Clause that he offered in AOL's Response to Plaintiff's Motion for a Temporary Restraining Order.[36]

11. "The claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities" (See Pritzker v. Yari, 42 F.3d 53 (1st Cir. 12/13/1994).[37] In this case the defendant engaged in activities beyond the scope of the forum with Officer McMenamon on April 17, 2000[38] that are totally unrelated to any forum activity initiated by an AOL member on April 16, 2000.[39]

12. AOL's offer of proof to this Court that AOL engaged in a forum related activity with an AOL member on April 16, 2000 is a fax transmission that reflects hearsay.[40]

13. In summary, AOL conducted an unwarranted foray beyond the jurisdiction of the forum on April 17, 2000 that produced a fax communication reflecting hearsay that AOL offered to the Commonwealth v. Hughes court and to this Court as a document that

---

[36] See Decl J. Charles Wilhelm and Mark Constable at Tabs 1, 2.
[37] "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities" ... Pritzker v. Yari, 42 F.3d 53 (1st Cir. 12/13/1994)
[38] See Decl J. Charles Wilhelm attached at Tab 1 ¶¶ 3, 4
[39] See Undisputed Facts ¶ 4 d above
[40] See Undisputed Facts ¶¶ 4 a, b, c, d, e, f above

10

accurately reflects e-mail stored as data in a computer without offering either court supporting evidence in the nature of a computer, or an electronic storage device in which that data is recorded.

## FRAUD UPON THE COURT

1. The elements of fraud upon the court set out in Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993) are: 1) conduct on the part of an officer of the court; That is 2) directed to the "judicial machinery" itself; 3) That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) That is a positive averment or is concealment when one is under a duty to disclose; 5) That deceives the court.

2. This pleading demonstrates that all five categories of fraud upon the court listed in paragraph one above apply in this case.

3. AOL's attorney consciously set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier and unfairly hampering the presentation of the Plaintiffs claims when he answered Plaintiff's complaint with a false pleading; offered sworn contradictory testimony on material issues; concealed material evidence from the court; withheld material evidence from the court;

11

falsified forum related activity; and caused the court to order judgment on the forum selection clause based on a false pleading. [41]

Because of the foregoing, the judgment by this Court ordered in response to Defendant America Online, Inc.'s Motion for Summary Judgment On The Forum Selection Clause on May 28, 2002 should, pursuant to Fed. R. Civ. P. 60(b)(3), be vacated.

Respectfully submitted,

Dated: November 6, 2002

*[signature]*
Walter P. Hughes, pro se

---

[41] Aoude v. Mobile Oil Corp., 892 F.2d 1115 (1st Cir. 12/29/1989)

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Plaintiff's Rule 60(b) Motion to Set Aside Judgment because America Online, Inc. committed fraud upon the Court has been served upon the following counsel of record via first class United States mail, postage prepaid, this Sixth day of November, 2002:

David W. Ogden
WILMER, CUTLER AND PICKERING
2445 M Street NW
Washington, DC 20037
Counsel for Defendant America Online Inc.

Paul Holtzman
KROKIDAS & BLUESTEIN LLP
141 Tremont Street
Boston, MA 02111
Counsel for Defendant America Online Inc.

Joseph L. Tehan, Jr., Esq.
Kopelman & Paige, P.C.
31 St. James Avenue
Boston, Massachusetts 02116
Counsel for Defendant McMenamon

Maurice J. Lariviere, Jr., Esq.
41 Pleasant Street
Suite 311
Methuen, Massachusetts 01844
Counsel for Defendant McMenamon

Dated: November 6, 2002

_____
Walter P. Hughes, pro se