IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
1 COURTHOUSE WAY
BOSTON MASSACHUSETTS

Walter P. Hughes, pro se
          Plaintiff,
vs.

Thomas F. McMenamon, Jr.         Civil Action No. 04-11662(NMG)
   vs..
America Online, Inc.
         Defendants

## PLAINTIFF'S RECUSAL MOTION

### Introduction and Factual Background

The basic issue in this case is whether the evidence proffered by America Online, Inc. ("AOL") at Tab A of the Appendix of Its Memorandum in Support of Its Motion to Dismiss, dated August 2, 2001 ("the evidence") is a printout of death threat e-mail an AOL member "had printed" when she accessed AOL's e-mail service on April 16, 2000 as attested in a declaration filed under penalty of perjury by AOL's lawyer.

AOL filed the declaration, dated November 6, 2001[1], on November 7, 2001 in response to a request for a temporary restraining order filed by Plaintiff, Walter P. Hughes, pro se ("Hughes"), on October 12, 2001.

Mark Constable, a paralegal employed by AOL's lawyer ("Constable"), signed the declaration, which states in relevant part, that the evidence reflects contents of a printout of death threat e-mail copied as a public record from Hughes' Massachusetts criminal file.

---

[1] See attached at Tab 1.

1

J. Charles Wilhelm, a product support specialist employed by AOL who examined a faxed copy of the evidence ("Wilhelm"), attested in a declaration dated November 5, 2001 that neither Hughes nor any other AOL member accessed AOL's computer to create an apparent death threat e-mail reflected by the fax.[2]

Massachusetts law is specific with regard to electronic communications such as e-mail to be obtained as evidence in a criminal proceeding under any circumstance[3] and the privacy of electronic communications once they have been introduced as evidence in a criminal proceeding[4]. In addition, the law requires a person making a criminal complaint that his/her life was threatened to swear the circumstances surrounding the threat before a judge and if he finds the threat credible issue a warrant for the arrest of the perpetrator.[5]

---

[2] *"[A]OL received the document marked as Exhibit A from Officer McMenamon; it was not produced by AOL to Officer McMenamon from any internal logs of e-mails sent or received by AOL members."* (J. Charles Wilhelm Declaration ¶11, Tab 1)

[3] *"The term ""exigent circumstances" shall mean the showing of special facts to the issuing judge as to the nature of the investigation for which a warrant is sought pursuant to this section which require secrecy in order to obtain the information desired from the interception sought to be authorized."* (M.G.L. c.272 s.99 B16)

[4] *"The contents of any wire or oral communication intercepted pursuant to a warrant issued pursuant to this section shall, if possible, be recorded on tape or wire or other similar device. ... Upon examination of the return and a determination that it complies with this section, the issuing judge shall forthwith order that the application, all renewal applications, warrant, all renewal orders and the return thereto be transmitted to the chief justice by such persons as he shall designate. Their contents shall not be disclosed except as provided in this section. ... "* (M.G.L. c.272 s.99N1)

[5] *If complaint is made to any such court or justice that a person has threatened to commit a crime against the person or property of another, such court or justice shall examine the complainant and any witnesses who may be produced, on oath, reduce the complaint to writing and cause it to be subscribed by the complainant* ((M.G.L. c.275 Complaint of Threat To Commit a Crime)(section 2)
*If, upon such examination, it is found there is just cause to fear that such crime may be committed, such court or justice shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed forthwith to apprehend the person complained of and take him before such justice or some other justice or court having jurisdiction of the cause. Such warrant, if issued by a justice, shall be under his hand.* (M.G.L. c.275 s.3)

The docket record[6] for Federal District Court for Massachusetts Civil Action Number CA-01-10981(RBC) reflects relevant judicial actions by Magistrate Robert B. Collings ("Judge Collings") as follows:

1) March 28, 2002, Judge Collings denied Hughes' August 14, 2001 request for discovery;

2) March 29, 2002, Judge Collings ordered AOL to produce new evidence.

3) March 29, 2002, Judge Collings ordered AOL, ex parte, to file a motion for summary judgment supported by new forum evidence in favor of pursuing Its Motion to Dismiss supported by existing forum evidence;

4) March 29, 2002, Judge Collings denied AOL's Motion to Dismiss;

5) May 28, 2002, Judge Collings ordered judgment in favor of AOL in response to AOL's April 17, 2002 compliance with his March 29, 2002 ex parte order that AOL file a motion for summary judgment;

6) November 7, 2002, Hughes filed his Rule 60(b)(3) motion supported by evidence of fraud that implicates a lawyer.

7) November 22, 2002, Judge Collings denied Hughes' Rule 60(b)(3) motion without a hearing or a finding that it is frivolous or vexatious;

8) April 30, 2004 Judge Collings ordered final judgment in favor of AOL.

The Code of Conduct for United States Judges ("The Code") and Federal Law are congruent with regard to the disqualification of a judge.[7]

---

[6] Attached at Tab 3.

3

The Code provides in relevant part:

> Canon 1, titled "A Judge Should Uphold the Integrity and Independence of the Judiciary" states:
>
>> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
>
> Canon 3, titled "A Judge Should Perform The Duties of The Office Impartially and Diligently: states:
>
> A. <u>Adjudicative Responsibilities</u>.
>
>> (1) A judge should be faithful to and maintain professional competence in the law, and should not be swayed by partisan interests, public clamor, or fear of criticism.
>>
>> (2) A judge should hear and decide matters assigned, unless disqualified,
>>
>> (4) A judge should accord to every person who is legally interested in a proceeding, or the person's lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider <u>ex parte</u> communications on the merits, or procedures affecting the merits, of a pending or impending proceeding. ...
>>
>> (5) A judge should dispose promptly of the business of the court.
>
> B. <u>Administrative Responsibilities</u>.
>
>> (1) A judge should diligently discharge the judge's administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
>>
>> (2) A judge should require court officials, staff, and others subject to the judge's direction and control, to observe the same standards of fidelity and diligence applicable to the judge.

---

[7] The D.C. Circuit has stated that "*[t]he Code of Conduct is the law with respect to the ethical obligations of federal judges.*" United States v. Microsoft Corp., 253 F.3d 34, 113 (D.C. Cir. 2001)

> (3) A judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer
>
> C. <u>Disqualification</u>
>
> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. §455(a) provides: *"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"*.

The standard for §455(a) reasonableness in the First Circuit is *"whether that decision cannot be defended as a rational conclusion supported by [a] reasonable reading of the record."* (In re United States, 666 F.2d at 695 (1st Cir. 1981).

28 U.S.C. §455(b)(1) provides that a judge disqualify himself *"[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"*.

The standard for determining disqualification under §455(b)(1) is *"whether a reasonable person would be convinced the judge was biased."* (Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996)).

Recusal under 28 U.S.C. §455 is mandated regardless of its effect on the outcome of underlying action.[8]

---

[8] The purpose of the disqualification statute is to avoid even the appearance

5

## Argument

### I

Judge Collings and the presiding judge in this Independent Action are required to obey the canons of The Code.

### II

"Printout" is a word of clear definition. The American Heritage Dictionary (2d College Edition 1982 (985)) defines it as, *"The printed output of a computer"*. Which is consistent with The Federal Rules of Evidence Rule 1001 definition, *"[I]f data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an "original"*. In short, without direct evidence that data are stored in a computer a writing cannot be offered in evidence as a printout.

### III

This motion is supported by reliable evidence that includes sworn testimony proffered by a lawyer which states in effect that a printout of e-mail was copied as a public record from a criminal file that does not contain a printout as a matter of law nor contain such a printout as a matter of fact; that an AOL member recipient received e-mail from another AOL member via AOL's e-mail service that AOL swears was not sent or received by AOL members or delivered by AOL; that the printout reflects a death threat for which there is no court record of a person receiving such a threat; that a printout was produced without the use of computer or data stored in a computer.[9]

---

of impropriety; the appearance of impropriety is not lessened by the fact that the litigation would have come out the same way." *Health Servs. Acquisition Corp. v. Liljeberg*, 796 F.2d 796, 801 (5th Cir.1986), *reh'g denied*, 800 F.2d 262, *cert. granted* 480 U.S. 915, *aff'd*, 486 U.S. 847 (1988).

[9] *"The [judicial] system can provide no harbor for clever devices to divert the search, mislead opposing counsel or the court, or cover up that which is necessary for justice in*

### IV

At all relevant times Judge Collings has been aware of the reliable evidence described above and has not initiated appropriate action pursuant to Canon 3B(3) of The Code and has used his judicial power to ensure the proponent of false or misleading evidence would prevail in the underlying action. [10]

### V

At all relevant times the presiding judge in this action has been aware of reliable evidence that indicates the likelihood of unprofessional conduct on the part of a lawyer and/or a judge and has failed to initiate prompt appropriate action required to ensure the appearance of an independent and honorable judiciary mandated by Canons 1, 3A(5), 3B(3) and C(1) of the code and 28 U.S.C §455.

### Conclusion

The presiding judge in this action disqualified herself/himself from further judicial participation in this case when s/he was made aware of reliable evidence that indicates the likelihood of unprofessional conduct on the part of a judge and/or a lawyer and failed to initiate appropriate action. [11]

---

*the end.'"* (United States v. Shaffer Equipment Co., 11 F.3d 450, 457-58 (4th Cir. 1993)).

[10] "[I]n addition, events occurring during the trial can be cause for disqualification, if the events display an inability of the judge to render fair judgment, an exception to the extrajudicial source factor (**Liteky**, at 1155, 1160), or that there is "an intent to ensure that one side or the other shall prevail, there can be little doubt that he or she must recuse." **Liteky**, at 1159." ( Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (U.S. 03/07/1994)

[11] *"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances."* Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989)

7

WHEREFORE, Plaintiff, Walter P. Hughes, pro se, respectfully demands that the judge presiding in this case take no other action except the necessary ministerial acts to have this case transferred to another judge. [12]

Dated November 24, 2004

*[signature]*
Walter P. Hughes, pro se
13 Lockway Road
Andover, MA 01810

## CERTIFICATE OF SERVICE

I, Walter P. Hughes, do hereby certify that on the twenty fourth day of November 2004, I served a copy of Plaintiff's Recusal Motion by first-class mail, postage prepaid upon the following:

Wilmer Cutler Pickering, LLP
2445 M Street N.W.
Washington, D.C. 20037

Kopelman & Paige, PC
31 St. James Ave.
Boston MA 02116

*[signature]*
Walter P. Hughes, Pro Se
13 Lockway Road
Andover, MA 01810

---

[12] Rico v. Johanny, 36 F.3d 136 (1st Cir. 09/26/1994)