```
                    United States District Court
                      District of Massachusetts
```

| | |
|---|---|
| WALTER P. HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-11662-NMG |
| ) | |
| THOMAS F. MCMENAMON, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case represents the third attempt of plaintiff Walter P. Hughes ("Hughes") to obtain relief pro se arising from actions taken by various parties in connection with a threatening e-mail message. As before, he has raised a variety of legal theories, all of which, again, fail.

### I. Background

On April 17, 2000, an individual arrived at the Methuen Police Headquarters and presented to Officer Thomas F. McMenamon ("McMenamon") a printed copy of an e-mail that had been sent to the individual's fourteen-year-old daughter the night before. The e-mail appeared to have been sent from a person with an AOL screen name MooMoo868790043 and read as follows:

-1-

> I've been watching you for years and i think its time to
> make my move.  you better lock your doors and windows and
> stay inside all week.  or youll see your name in the
> obituaries in the news paper. and under the heading [name
> redacted] it will read gutted like a fish.
>
> you better watch your back or tomorrow might be your last
> day on this f...in' planet
>
> love always
> murder

McMenamon called America Online, Inc. ("AOL") and requested them to provide him with the identity of the person associated with the screen name "MooMoo868790043".  After McMenamon faxed to AOL a statement indicating that the contents of the e-mail showed probable cause that a crime had been committed, AOL identified plaintiff as the person to whom the screen name in question was assigned and provided McMenamon with his address and age. Shortly thereafter, criminal proceedings were commenced against Hughes in Massachusetts state court for threatening to commit murder.  The record is silent as to how those proceedings were eventually resolved but it is presumed that such resolution is irrelevant to this action.

On June 8, 2001, Hughes, proceeding pro se, filed a complaint against McMenamon and AOL in the United States District Court for the District of Massachusetts (Case No. 01-10981-RBC or "the First Case").  The complaint asserted various causes of action relating to AOL's identification of Hughes, including warrantless search and seizure, federal wiretap violations, abuse

of process, malicious prosecution, unfair business practices and intentional infliction of emotional distress.

On March 29, 2002, Magistrate Judge Robert B. Collings denied AOL's motion to dismiss based upon the forum selection clause without prejudice to the filing of a motion for summary judgment based on the same clause. Two months later, Magistrate Judge Collings allowed AOL's motion for summary judgment without prejudice to the right of the plaintiff to recommence the action in a proper forum.

On November 6, 2002, Hughes filed a motion pursuant to Fed. R. Civ. P. 60(b)(3) to set aside the prior judgment on the ground that AOL had committed fraud on the court by offering false evidence in support of its motion to dismiss. The alleged fraud appears to arise out of the claim that AOL offered contradictory testimony with respect to whether its proffered copy of the threatening e-mail had been obtained from AOL's computer system or from McMenamon. Magistrate Judge Collings denied Hughes's Rule 60(b)(3) motion. Shortly thereafter, Hughes appealed the decision allowing AOL's summary judgment motion but the First Circuit Court of Appeals dismissed that appeal for lack of jurisdiction because the claims against McMenamon were still pending below.

On April 30, 2004, Magistrate Judge Collings allowed McMenamon's motion for summary judgment and dismissed the First

Case.  Hughes filed an appeal the same day and that appeal is still pending.

Dissatisfied with the result, on June 13, 2003, Hughes filed a complaint against Magistrate Judge Collings, the law firms that represented AOL and McMenamon in the First Action and individual lawyers, named and unnamed, who represented the defendants in the First Case (Case No. 03-11140-GAO or "the Second Case").  Hughes alleged that the lawyers committed fraud on the court by their failure to disclose the origin of the copy of the threatening e-mail which had been filed with AOL's memorandum in support of its motion to dismiss in the First Case.  The complaint alleged claims based upon 18 U.S.C. § 1341 (the criminal fraud statute) RICO, abuse of process, defamation, violation of due process and intentional infliction of emotional distress.

On February 6, 2004, the Court granted the defendants' various motions to dismiss the Second Case.  Hughes appealed that decision and the First Circuit Court of Appeals affirmed the dismissal of plaintiff's federal claims.

Still dissatisfied, on July 27, 2004, Hughes filed the instant action, which is styled as an "independent action" pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(4), against McMenamon and AOL ("the Third Case").  He seeks to have all judicial action taken in the First Case declared void because such actions allegedly resulted from a fraud upon the Court,

-4-

deprivation of due process and judicial bias.  The alleged fraud relates to statements regarding the origin of the copy of the e-mail that AOL submitted along with its motion to dismiss in the First Case, precisely the same allegation upon which Hughes's Rule 60(b)(3) motion was based in the First Case.  The alleged due process violations and judicial bias stems from Magistrate Judge Collings's invitation to AOL to file a motion for summary judgment based upon the forum selection clause when he denied AOL's motion to dismiss.  As a result of that invitation, Hughes alleges that Magistrate Judge Collings

> sua sponte set in motion a sequence of events certain to produce judgment in favor of AOL...[and] knowingly and recklessly failed to maintain a reasonable appearance of impartiality and therefore disqualified himself from ruling on matters relevant to [the case].

AOL has filed a motion to dismiss the complaint, which is unopposed.  Although McMenamon has not filed an appearance in this action, it is unclear whether he was ever served.  Furthermore, the grounds for the allowance of AOL's motion to dismiss are equally applicable to McMenamon.  For the reasons set forth below, the case will be dismissed in its entirety.

**II. <u>Motion to Dismiss</u>**

**A.   Legal Standard for Motions to Dismiss**

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support

of his claim which would entitle him to relief."  Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollett, 83 F. Supp. 2d at 208.

### B.  Res Judicata

Plaintiff's claims in the instant action are, as AOL notes, nothing more than a rehash – for the *third* time – of frivolous allegations that have already been rejected by this Court.  The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  Accordingly, res judicata requires

> (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits.

Gonzales v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994).

Res judicata applies to successive Rule 60(b) motions and independent Rule 60(b) actions. See Locklin v. Switzer Bros., Inc., 335 F.2d 331 (7th Cir. 1964) (holding that Rule 60(b) motion has preclusive effect on subsequent independent Rule 60(b) action based on same allegations); Cinquini v. Donohoe, 1996 WL 79822 (N.D. Cal.) ("Res judicata does apply to successive Rule 60(b) motions and actions.").

The denial of plaintiff's Rule 60(b)(3) motion in the First Case constitutes a final judgment on the merits with respect to the claims raised therein. Likewise, the allowance of defendants' motions for summary judgment in the Second Case and the dismissal of the Second Case constitutes a final judgment on the merits.

To determine whether sufficient cause-of-action identity exists between earlier and later cases, courts use a "transactional approach" and analyze whether both sets of claims "derive from a common nucleus of operative facts." Gonzales, 27 F.3d at 755. It does not matter how "diverse or prolific the claims themselves may be." Id. If the claims asserted in the subsequent action "either were or could have been asserted in the initial action," they are barred by res judicata. Id. Here, the

First and Second Cases presented claims relating to AOL's submission of (and representations about) the threatening e-mail so any claims relating to that nucleus of operative facts meets the subject matter identicality requirement. The claims involving the alleged bias of Magistrate Judge Collings and denial of due process were or could have been raised in the First and Second Cases so they, too, meet the cause-of-action identicality requirement.

Identicality between the parties can be satisfied by actual identicality or non-mutual claim preclusion:

> The federal doctrine of "non-mutual claim preclusion" permits a non-party defendant in a prior action to raise a defense of res judicata in a subsequent suit....Non-defendants in one action may assert res judicata in the second action "if the new defendants have a close and significant relationship with the original defendants, such as when the new defendants were named as conspirators in the first proceeding but were not joined in the action."

Andrews-Clarke v. Lucent Techs., Inc., 157 F. Supp. 2d 93, 100-101 (D. Mass. 2001) (quoting In re El San Juan Hotel Corp., 841 F.2d 6, 10 (1st Cir. 1988)). Hughes is the plaintiff in all three cases. AOL and McMenamon, the defendants here, were defendants in the First Case. Although AOL and McMenamon were not defendants in the Second Case, their attorneys and the attorneys' law firms were. Where, as here, an attorney is sued for actions taken on behalf of a client, there is a sufficient relationship between the attorney and the client such that non-mutual claim preclusion applies. Therefore, the identicality of

parties requirement is met.

Because all three elements of the test set forth above are met in this case, the claims advanced by Hughes in the instant case are barred by res judicata and, therefore, will be dismissed.

### III. Motions for Appropriate Action and Recusal

Hughes has filed a motion seeking to have this Court take action pursuant to Canon 3B(3) of the Code of Conduct for United States Judges ("[a] judge should initiate appropriate action when the judge becomes aware of reliable evidence indicating the likelihood of unprofessional conduct by a judge or lawyer") and alleges that Magistrate Judge Collings violated 28 U.S.C. § 455(a) ("[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").  In the alternative, Hughes asks "the presiding judge to recuse in favor of a Court with an interest in maintaining an appearance of integrity and impartiality."  Hughes has also filed a separate motion asking that the presiding judge recuse himself pursuant to 28 U.S.C. § 455.

Plaintiff has failed to show any inappropriate conduct on behalf of a judge or a lawyer in this case or the previous two related cases.  The request for "appropriate action" is ludicrous.  Further, because plaintiff has offered no evidence or

argument to support his allegation that the presiding judge is disinterested in "maintaining an appearance of integrity and impartiality", there is no basis for the recusal. The motions will be denied.

## IV.   Motion for Sanctions Under Rule 11

AOL has moved for sanctions pursuant to Rule 11: 1) directing plaintiff to cease filing lawsuits against AOL and others in connection with the allegations that were first raised in the Rule 60(b)(3) motion in the First Case and 2) for costs and attorneys' fees.  Hughes has not opposed the motion.

Fed. R. Civ. P. 11(b) provides that even an unrepresented party is prohibited from filing frivolous, improper or harassing pleadings and courts have used the rule to impose sanctions on pro se parties.  See, e.g., LeFebvre v. Comm'r, 830 F.2d 417 (1st Cir. 1987).  However, the Court will consider the state of the pro se party's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed.  See Fed. R. Civ. P. 11 advisory committee's note ("[W]hen a party is not represented by counsel, the absence of legal advice is an appropriate factor to be considered.")

It does not require sophistication or legal training to realize that the filing of this case was frivolous.  As discussed above, the claims Hughes advances in this action have already been rejected by this Court.  Rule 11 sanctions are therefore

-10-

warranted.  Indeed,

> where a pro se litigant attempts to re-hash claims that have already been litigated in prior actions, Rule 11 sanctions are appropriate, and indeed are required if the pleading is frivolous.

Burgess v. Bd. of Tr., 1995 WL 136930, at *10 n.7 (D.N.H.) (citation and internal quotation marks omitted).

   Moreover, the claims plaintiff advances in this action are meritless notwithstanding this court's prior rulings and would not survive a motion to dismiss even if they were not barred by res judicata.  Hughes has failed to identify any falsehood in the allegedly fraudulent statements made by AOL with respect to the threatening e-mail and, further, has not come close to satisfying the requirement of Fed. R. Civ. P. 9(b) that fraud be pled with particularity, a requirement that applies with equal force to independent actions brought under Rule 60(b).  See Vance v. United States, 2003 WL 1194218, at * 2 (10th Cir.); Madonna v. United States, 878 F.2d 62, 66 (2d Cir. 1989).  Additionally, Hughes has provided no factual basis to support the allegation that Magistrate Judge Collings was biased or acted in a way that denied him due process.  A judge's invocation to a party to file a summary judgment motion is not an indication of bias, and Magistrate Judge Collings's carefully crafted opinions in the First Case demonstrate that he gave thoughtful consideration to the claims and arguments at issue in that case.

   Furthermore, the claims relating to the alleged fraud of AOL

are frivolous because the award of summary judgment in favor of AOL in the First Case was based exclusively upon the forum selection clause. It did not depend on the allegedly fraudulent statements made by AOL and a finding of such fraud would not impact the outcome of that case. Any award of relief under Rule 60(b) would, therefore, be futile. See <u>United States</u> v. <u>18 Oakwood St.</u>, 958 F.2d 1, 5 (1st Cir. 1992) (holding that misstatements of immaterial or inconsequential facts do not warrant relief under Rule 60(b)).

The Court finds that plaintiff's complaint and all other documents filed by him in this case serve no proper purpose and that the claims therein are entirely unwarranted by law and have no likely evidentiary support. The only apparent purpose for such filing is to harass defendants and waste the time and resources of defendants and this Court. Plaintiff has clearly and flagrantly violated Rule 11(b) and sanctions are warranted.

Plaintiff has now filed three actions and three appeals involving to the same subject matter. He is hereby warned that any future filing of abusive, frivolous or vexatious cases in this Court will result in the imposition of sanctions, including an order enjoining him from filing further proceedings in this Court. Although AOL is entitled to an award of the costs and fees that it has incurred in responding to this action, the Court will abate any such award unless plaintiff hereafter disobeys the

following order of this Court:

**ORDER**

Based on the foregoing:

1) Plaintiff's Motion for Appropriate Action Pursuant to Canon 3B(3) of the Code of Conduct for United States Judges or to Recuse Pursuant to 28 U.S.C. 455(a) (Docket No. 9) is **DENIED**;

2) Plaintiff's Recusal Motion (Docket No. 11) is **DENIED**;

3) Defendant AOL's Motion to Dismiss (Docket No. 2) is **ALLOWED**;

4) the motion of defendant AOL for Sanctions Under Rule 11 (Docket No. 6) is **ALLOWED** but any award of costs and attorneys fees is held in abeyance unless plaintiff hereafter disobeys this Order; and

5) Plaintiff is warned that the filing of any further abusive, frivolous or vexatious cases will result in the imposition of monetary sanctions and/or an order enjoining him from filing further proceedings in this Court.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: June 27, 2005